ANCHOR BREWING CO. et al. v. UNITED STATES.

(Circuit Court of Appeals, Third Circuit. May 27, 1925.)

No. 3291.

Courts ⬡348—Equity rule 46 held not to preclude use of transcribed testimony taken on a preliminary hearing.

In a suit to enjoin a nuisance under Prohibition Act, tit. 2, § 22 (Comp. St. Ann. Supp. 1923, § 10138½k), where testimony was taken on a motion for preliminary injunction, at which defendants appeared by counsel, introduced testimony, and cross-examined witnesses, but did not appear on the day set for final hearing, equity rule 46, providing that testimony shall be taken orally in open court, held not to invalidate a decree granting a permanent injunction on testimony produced by complainant and a transcript of the testimony taken on the preliminary hearing.

Appeal from the District Court of the United States for the Western District of Pennsylvania; Frederic P. Schoonmaker, Judge.

Suit in equity by the United States against the Anchor Brewing Company and others. Decree for the United States, and defendants appeal. Affirmed.

Oliver K. Eaton and R. P. Tannehill, both of Pittsburgh, Pa., for appellants.

Walter Lyon, U. S. Atty., and George V. Moore and David P. MacQuarrie, Sp. Asst. U. S. Attys., all of Pittsburgh, Pa.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge. In the court below the United States, on July 25, 1924, pursuant to section 22 of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138½k), filed a bill in equity, accompanied by sustaining affidavits, against the Anchor Brewing Company and certain individuals, praying for an injunction restraining them from continuance of a nuisance. Thereupon, a temporary injunction was granted. On July 28, 1924, service of the subpœna and of the temporary injunction was accepted by counsel for all defendants, which subpœna provided that defendants were required to file an answer or defense on or before 20 days; "otherwise, the bill may be taken pro confesso." No answer was filed. On August 7, 1924, a hearing was had on the continuance of the temporary injunction, at which defendants were represented by counsel, and witnesses on both sides were sworn, examined, and cross-examined by counsel. The testimony, thus taken viva voce and in the presence of the court, was reduced to writing, and on August 30, 1924, filed in court. At the conclusion of the hearing on August 7, 1924, the court entered an order that, "after hearing the testimony adduced and counsel for both sides, we are convinced that a nuisance exists on the premises set out in the bill of complaint, and that the preliminary injunction should be continued till final hearing."

On September 30, 1924, the case came on for final hearing, at which time the court made this entry in the minutes: "This case was definitely set for final hearing and trial this date, the 30th of September, 1924. This day was fixed in open court at the time of the preliminary hearing, at which time both the government and the defendants and counsel were present in court. A minute was made in the trial calendar of this court of the fixing of this date, and the case has now come on for final hearing." The counsel for the defendants, who was in his office, had been called up, but did not appear or ask for any postponement, simply stating that the court had not definitely listed the case for the day, but had said it could not be heard before that day.

Thereupon the court proceeded to hear the

case. The witnesses who had testified at the hearing of August 7th were on hand, but, as the defendants' counsel did not and would not appear, the transcript of the testimony of the witnesses taken on the former trial was received in evidence. This included, inter alia, the testimony of the witnesses for the defendant and the cross-examination of the government's witnesses. Thereupon the court held "the case was set down for final hearing on the 30th day of September, 1924, at 10 o'clock a. m., at which time the government appeared with counsel and witnesses, and defendants did not appear. From the bill and proofs, we find that the allegations of the bill of complaint are sustained, and that a nuisance as defined by the National Prohibition Act exists on the premises of the defendant as alleged in the bill of complaint." No steps were taken by defendants or their counsel to explain their absence, or from relief from their default, and on October 1st a formal decree was entered closing the premises.

Subsequently the defendants, on October 18th, entered this appeal and have appeared by other counsel, and assign for error, inter alia, that the court erred in entering said final order and decree, when said order and decree was not based on the testimony of any witnesses heard by the court when said cause came on for final hearing, and that the court erred in receiving the evidence produced at the hearing on August 7th, and that "under the evidence and the pleading the court was without jurisdiction and power to enter its final order and decree of October 1, 1924." And this result, it is argued, follows because of equity rule 46, which provides: "In all trials in equity the testimony of witnesses shall be taken orally in open court, except as otherwise provided by statute or these rules."

In construing and applying rules, we inquire what mischief they were meant to overcome, and what advantage they were meant to secure. The purpose of this rule was to expedite the work of courts, by requiring the testimony to be taken in open court, where the testimony could be abridged by the rulings of a judge and the delays incident to the uncontrolled range of testimony when

taken elsewhere. In the earlier days of this cause, the testimony had been taken in open court, the defendants had all been represented by counsel; the testimony of their witnesses had been taken, the government had examined its witnesses, and the defendants had cross-examined them; all of this testimony had been transcribed and filed, and the same question of injunction came up before the same judge at the final hearing, when the same witnesses were produced by the government for viva voce examination. It is manifest, therefore, that in the taking of the testimony in the earlier state of the case, and in the government's preparedness to again call the same witnesses for viva voce examination, the spirit and purpose of the rule were met, and would have been carried out literally and exactly, had the defendant by its counsel done its bounden duty and been present in pursuance of the adjournment of the case made by the court on August 7th. But the defendants made default, and do not now allege that the decree the court made was not justified by the proofs it received, or in view of those proofs that any other decree should now or hereafter be entered. They plant themselves entirely on the literalism of the rule. The entire testimony is before us, and, if permissible, it fully sustains the decree. Moreover, even if the literalism of the rule had compelled the court to call the witnesses and take their testimony viva voce a second time, the cause was ripe for a decree pro confesso, for the defendant had filed no answer and under rule 16[1] of the trial court such decree could be entered; and such being the case, and this court having the power to remand the case to the court below, and direct the entry of the decree pro confesso nunc pro tunc under rule 16, the court is of opinion that no real error is shown in the decree entered, and it is therefore affirmed.

---

[1] "It shall be the duty of the defendant, unless it shall be enlarged, for cause shown, by a judge of the court, to file his answer or other defense to the bill in the clerk's office within the time named in the subpœna, as required by rule 12. In default thereof, the plaintiff may, at his election, take an order as of course that the bill be taken pro confesso, and thereupon the cause shall be proceeded in ex parte."