## INTERSTATE COMMERCE COMMISSION v. ALL AMERICAN BUS LINES, Inc., et al.

District Court, S. D. New York.

Dec. 2, 1937.

Lamar Hardy, U. S. Atty., of New York City (Charles J. Nager, of New York City, and Francis A. Silver, of counsel), for plaintiff.

Davitt, Lynch & Bowes, of New York City (Robert M. Davitt and Edward F. Bowes, both of New York City, of counsel), for defendant All American Bus Lines, Inc.

PATTERSON, District Judge.

The suit arises under the Motor Carrier Act of 1935, 49 U.S.C.A. § 301 et seq. The sections involved are 216(d), 217(b), and 222(b). By section 216(d), 49 U.S.C.A. § 316(d), it is made unlawful for any common carrier by motor vehicle in interstate commerce to give any preference to any person; and by section 217(b), 49 U.S.C.A. § 317 (b), carriers are forbidden to charge, demand, collect, or receive any compensation for transportation different from the rates, fares, and charges specified in its filed tariff. Section 222(b), 49 U.S.C.A. § 322(b), is to the effect that if any carrier or broker "operates in violation of any provision," the Commission may apply to the District Court for the enforcement of such provision, and such court shall have jurisdiction to enforce obedience by injunction or other process, restraining the carrier or broker, officers, agents, and employees from further violation.

The bill shows these facts: The defendant All American Bus Lines, Inc., is a carrier engaged in transporting passengers by motor vehicle in interstate commerce, serving the general public for compensation. It had on file with the Interstate Commerce Commission a tariff of rates, fares, and charges as required by law, showing the rates, fares, and charges between points in the various states; and it had the practice of issuing tickets to prospective passengers, showing among other things the point of origin and point of destination. The practice objected to by the Commission was that on July 1, 1936, and later the defendant issued tickets, more than 700 in number, with the words stamped across the face: "This is an advertising due bill, no refund. Good on day coaches only." These "due bill tickets" the defendant sold to various ticket brokers at prices far below the fares fixed in the tariff, and the brokers in turn sold them to prospective passengers at figures substantially below the fares specified in the filed tariff. Persons presenting such tickets were carried by the defendant. The relief demanded is an injunction against the issuance of "due bill tickets."

At the trial the Commission proved the prevalence of the "due bill ticket" practice in July, 1936, and for some months later. The carrier did not undertake to defend the practice. It requires no argument to prove that the "due bill ticket" system was a method of giving preferences to certain passengers, in violation of section 216(d) of the act, 49 U.S.C.A. § 316(d), and that it constituted also a departure from the filed tariff, in violation of section 217(b), 49 U.S.C.A. § 317(b). While the issuance of such tickets was unlawful even if issued in payment of advertising bills, the fact is that most of the tickets were not issued in payment for advertising, but were sold for cash. The only point seriously urged by the carrier is that it had abandoned the practice prior to the time when suit was brought, without intention to renew it, and that consequently an injunction is uncalled for.

On the point of abandonment the evidence is that the Commission in the latter part of September, 1936, began an investigation of the "due bill ticket" system as practiced by this carrier. Auditors of the Commission made examinations of the carrier's books and records. They also scrutinized the books and records of ticket brokers handling this type of ticket. On or about October 8, 1936, while the investigation was in progress, the carrier ceased issuing tickets of this type. Suit was commenced on November 27, 1936. The carrier made an effort thereafter to recall the tickets from circulation, and fourteen of them were taken in and cancelled. Nevertheless, when tickets of this type were presented by passengers, they were honored and transportation afforded. About forty tickets were so honored after suit was commenced. The carrier disavows any purpose of resuming traffic in these tickets.

The right to an injunction being covered by specific statute, the Commission

is not required to prove irreparable injury or other matters ordinarily prerequisite to issuance of injunctive relief. If the statutory conditions for injunction have been fulfilled, the injunction should be granted. Securities & Exchange Commission v. Jones, 2 Cir., 85 F.2d 17; Securities & Exchange Commission v. Torr, 2 Cir., 87 F.2d 446. Here the statute authorizes an injunction where a carrier "operates in violation of any provision," the purpose being to restrain "further violation." It may be assumed that injunctive relief would not be given in a case where the violation was stale when suit was commenced and there was no substantial reason to apprehend that violation would be resumed. United States v. Union Pacific R. Co., 188 F. 102, C.C.Utah, affirmed on this point in 226 U.S. 61, 33 S. Ct. 53, 57 L.Ed. 124. But that is not this case. Active sale of the prohibited tickets was indulged in down to the time of the Commission's inquiry, a month or two before this suit was brought, and the tickets already in circulation were being honored at and after the beginning of suit. In such a situation an injunction to prevent further violation is called for. The Commission is not bound to take the carrier's word that there will be no more violation, nor is it required to continue the case indefinitely to see whether there will be a renewal of the prohibited practice.

A decree enjoining the carrier from continuance of the practice of issuing "due bill tickets" will be entered.