## INTERSTATE COMMERCE COMMISSION
## v. SMITH.
### No. 8930.

United States District Court
E. D. Pennsylvania.
Feb. 1, 1949.

Edward A. Kallick, Asst. U. S. Atty. and James Y. Piper, Interstate Commerce Commission, both of Philadelphia, Pa., for plaintiff.

Charles Blasband, of Norristown, · Pa., for defendant.

McGRANERY, District Judge.

The Interstate Commerce Commission on October 7, 1948, filed a complaint in the instant case seeking to enjoin defendant from continuing operations in violation of I. C. C. regulations. On October 14, 1948, a hearing was held on a motion for a preliminary injunction, and on the basis of the verified complaint and affidavits, the preliminary injunction was granted. Although counsel for defendant filed no entry of appearance with the clerk's office, he was present in court at that hearing. On November 15, 1948, the Commission filed what is apparently a motion for a default judgment on the ground that defendant had neither appeared in the action nor filed its answer within the time called for by the Federal Rules of Civil Procedure, 28 U.S.C.A. On the same date, defendant filed a motion to dissolve the preliminary injunction. Three days later, counsel for defendant filed his formal entry of appearance with the clerk's office. Counsel for both parties appeared in court on November 15, 1948, and, at that time, at the request of counsel for defendant, the hearing was postponed. On November 23, 1948, a hearing was held in open court upon both motions.

I feel that it would be within the discretion of the court to enter default judgment against defendant in the instant case. Cf. Anchor Brewing Co. v. United

40

States, 3 Cir., 5 F.2d 883. It is true that there are procedural discrepancies in the motion of the Commission, but none serious enough, I feel, to prevent entry of judgment as a matter of law. Thus, there has been no entry of default as called for in Rule 55(a). But this is a formal matter which could be corrected now. See Orange Theatre Corporation v. Rayerherstz Amusement Corporation, 3 Cir., 130 F.2d 185, 187. In addition, the motion is based upon defendant's failure to appear as well as his failure to answer. It is at least doubtful whether failure to file the formal entry of appearance would justify default now, in view of counsel's appearance in court on October 14th. Finally, if there was an effective appearance, there does not seem to be the requisite three days' written notice of the motion for default judgment. However, since counsel had actual notice of at least eight days of the pending motion (November 15th to November 23rd), it is questionable whether entry of default judgment would thereby be prevented.

■ However, the state of the record is such that entry of default judgment would seem technical, at best. Counsel for defendant has appeared in court three times, and at the last hearing, defendant's position was made abundantly clear. He admits a past violation, which he characterizes as "technical," and contends that the Commission must prove to the court the likelihood of future violations. Upon the statements made by counsel for the Commission and the documents alluded to, there is little doubt in my mind that the requisite proof could be met. However, the government was relying upon its motion for default judgment and failed to introduce any evidence of "substantial reason to apprehend that violation would be resumed." See Interstate Commerce Commission v. All American Bus Lines, Inc., D.C., 22 F. Supp. 525, 527. Therefore, it seems to me that the proper procedure to follow is to deny the motion for default judgment at this time without prejudice and speedily move on to a final hearing on the merits. By the time of that hearing, defendant should have filed an answer and the government can support its motion for a permanent injunction with evidence.

■ Defendant's present motion for dissolution of the preliminary injunction will also be denied for two reasons: he is still technically in default and cannot press the motion, and, on the merits, the affidavit supporting the motion indicates, if anything, that defendant's difficulties in obtaining insurance make it more, rather than less, likely that he may not have insurance for some period in the future.

An order will be entered in accordance with this opinion.