**CARIBBEAN PRODUCE EXCHANGE,**
Plaintiff,

v.

**CARIBE HYDRO–TRAILER, INC.,**
Defendant.

Civ. No. 29–73.

United States District Court,
D. Puerto Rico.

May 28, 1974.

Laffite & Dominguez, Hato Rey, P. R., for plaintiff.

Jorge Ramirez de Arellano, Jr., San Juan, P. R., for defendant.

## OPINION AND ORDER

TOLEDO, Chief Judge.

This is a cause where plaintiff alleges that it is a corporation organized under the Laws of the Commonwealth of Puerto Rico and that defendant is a corporation dedicated to the maritime transportation of commodities from the mainland United States of America to Puerto Rico. Jurisdiction is based under Title 28, United States Code, Section 1331[1] and relief is sought under Title 46, United States Code, Sections 190–196, and Title 46, United States Code, Sections 1300–1315.

The complaint alleges that on or about October 4, 1971, plaintiff shipped 894 boxes of tomatoes aboard defendant's barge Isla Grande and that upon arrival at defendant's terminal, due to temperature problems, some tomatoes ripened before time and that a 47% decay was found when the tomatoes were inspected by the United States Department of Agriculture. Plaintiff alleges to have lost, because of the spoilage of the tomatoes, the amount of Five Thousand Two Hundred Ninety-three Dollars ($5,293.00).

The record reveals that the defendant requested on February 5, 1973, an extension of thirty (30) days to answer or otherwise plead to the complaint. On March 5, 1973, it requested an additional thirty (30) days to so do. The Court granted both extensions and also granted a last extension of ten days on April 10, 1973, upon a motion by defendant of April 6, 1973.

On April 30, 1973, plaintiff filed a motion to enter default and the Clerk of the Court entered it on the same day. On May 1, 1973, defendant finally filed its answer and on May 8, 1973, filed a motion to open default and for admission of answer. In view of the last said motion, the Court, on May 15, 1973, granted defendant fifteen days to file any allegations or affidavits in support of its motion to vacate default.

Plaintiff, on May 8, 1973, filed a motion requesting hearing so that the Court may make an inquiry as to the amount of damages and thereby enter a judgment on default. On May 10, 1973, plaintiff filed a motion in opposition to setting aside default.

On May 29, 1973, defendant filed a motion in which it requested the Court to set aside the entry of default and tried to excuse itself for being tardy, at the same time stating that its secretary inadvertently entered in its appointment book the ten-day extension as if it was a thirty-day extension. It should be noted that the last extension which was granted on April 10, 1973, was not complied with as it expired on April 20, 1973, and, furthermore, the defendant did not file any proper motion until May 29, 1973, more than a month since its last extension expired.[2]

On June 22, 1973, a hearing was held on defendant's motion to vacate default. Counsel for defendant requested and was granted a term of 10 days to file an affidavit in support of its motion.

---

1. It seems that the action is meant to be based under Title 28, United States Code, Section 1333.

2. While on May 1, 1973, defendant filed its answer to the complaint, said pleading was inadequate, having the Clerk of the Court entered its default on April 30, 1973. Likewise, defendant's motion of May 8, 1973 to open default and for admission of answer was inadequate. It is not until May 29, 1973, that it can be said that defendant has enabled the Court to be in a position to decide whether to admit its answer, after its default had been entered.

The defendant once again was late in filing its affidavit and on July 12, 1973, plaintiff filed a motion seeking that the Court deny defendant's motion for setting aside default. On the same date, the Court entered the following Order:

"In view of defendant's non-compliance with the Court's orders, in spite of the fact that the court granted them two chances to comply with same, this motion is granted and the motion to vacate default judgment is hereby denied."

On July 13, 1973, defendant finally filed an affidavit in support of its motion of May 7, 1973.

On July 23, 1973, plaintiff filed a motion requesting hearing as to the issue of damages so that the Court could enter its judgment on default. Said hearing was held on August 24, 1973. The motion to vacate default was denied in open court and the Court heard testimony on behalf of plaintiff and defendant, and granted counsel for defendant 15 days to file memorandum of law and plaintiff 10 days thereafter to reply.

Defendant, on September 6, 1973, once more, filed a motion wherein it requested an extension of 30 additional days.[3] The Court, reluctantly, granted it as a last extension. It was on October 9, 1973, that defendant filed its memorandum of law, arguing the affirmative defenses it propounded in its late answer to the complaint.

On October 23, 1973, plaintiff filed its reply memorandum and therein requested that judgment be entered in its favor.

■■■ As plaintiff states in its memorandum, it is the law that once a default is entered, a defendant on default has no further standing to contest the factual allegations of plaintiff's claim for relief. Thomson v. Wooster, 114 U. S. 104, 5 S.Ct. 788, 29 L.Ed. 105 (1885). When a Court determines, as we have done, that a defendant is in default, its liability to the plaintiff is deemed established and the plaintiff is not required to establish his right to recover. United States v. Borchers, 163 F.2d 347 (2 Cir. 1947). See also I.C.C. v. Smith, 82 F. Supp. 39 (D.C.Pa.1949). Defendant is deemed to have admitted all well pleaded allegations in the complaint. Trans World Airlines, Inc. v. Hughes, 449 F.2d 51, 63 (2 Cir. 1971). [At the most, all that defendant can do is question the extent of the damages suffered by the plaintiff.] Trans World Airline, Inc. v. Hughes, 332 F.2d 602 (2 Cir. 1964). See also Trans World Airlines, Inc. v. Hughes, 449 F.2d at 72, reversed on other grounds, 409 U.S. 363, 93 S.Ct. 647, 34 L.Ed.2d 577 (1973).

■■■ The aforesaid being the law, defendant's argument of a late propounded affirmative defense in its Memorandum of October 9, 1973, is improper.[4] Instead, said memorandum should have been addressed to the issue of damages; issue it failed to discuss.

It appearing from the record that the factual circumstances of this cause are as we have above related and, being the Court of the opinion that the law fully supports that we enter judgment on default, the Court hereby enters judgment on default against defendant in the amount of $5,292.00, plus legal interest from the date of this judgment.

It is so ordered.

3. Note that this was the *second* last extension the Court granted in this cause.

4. Defendant, on October 25, 1973, filed a supplementary memorandum, also addressed to the issue of the affirmative defenses it raised in its memorandum of October 9, 1973.