William Phillip TAYLOR, Appellant,

v.

CITY OF BALLWIN, MISSOURI, Donald Loehr, David Beckett, Rosalee C. Wells, Dennis Niere, David Hawkins, St. Louis County, Missouri, Edward Moreland, John Hartner, William Breeding, Aaron Mensey, Charles Shannon, Herbert Bernsen, Milton Bentley, Hartley Johnston, Gerald Leininger, Brouk Ziegler Motor Co., Inc., Roy Cochrell, James Cole, Douglas Harris and Howard Young, Appellees.

No. 87–1894.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 21, 1988.

Decided Oct. 21, 1988.

Rehearing Denied Nov. 21, 1988.

---

Kathryn A. Klein, St. Louis, Mo., for appellant.

Bert Eide & Eugene K. Buckley, St. Louis, Mo., for appellees.

Before LAY, Chief Judge, HENLEY, Senior Circuit Judge, and FAGG, Circuit Judge.

LAY, Chief Judge.

William Phillip Taylor filed a complaint seeking damages for civil rights violations, under Title 42 U.S.C. § 1983, and pendent state claims of negligence, replevin and conversion against the City of Ballwin, St. Louis County, various city and county officials, and Brouk Ziegler Motor Co., Inc. (Brouk Ziegler). In a trial before a jury a verdict was rendered in favor of all defendants and the district court[1] entered judgment dismissing the cause of action. Taylor appeals, raising numerous errors. We affirm in part and reverse and remand in part.

Taylor raises several issues on appeal, eight of which deal exclusively with defendants other than Brouk Ziegler. After review of the record we find that the issues raised against the city, county and various officials are without merit. Accordingly, the judgment of the district court as to all defendants other than Brouk Ziegler is affirmed. *See* 8th Cir.R. 14.

*Brouk Ziegler*

On October 5, 1982, Taylor was arrested by the City of Ballwin police when he attempted to sell stolen property. At the time of his arrest, his car was searched and found to contain additional stolen property. The car, a 1975 Ford Thunderbird, was impounded and ordered towed away by the Ballwin police department. Defendant Brouk Ziegler complied with the police order and towed Taylor's car to its Valley Park, Missouri, storage facility. From October 5, 1982, until the first week of January, 1987, Taylor's car remained at Brouk Ziegler's facility. On January 5 or 6, 1987, without authorization from Taylor, Brouk Ziegler sold the car to St. Louis Shredder

---

1. The Honorable Clyde S. Cahill, United States District Court Judge for the Eastern District of

Company for scrap iron.[2] The cash proceeds of this sale were retained by Brouk Ziegler as payment towards storage fees that had accumulated.

On December 30, 1982, Taylor filed his complaint which alleged, *inter alia,* unlawful replevin and conversion on the part of Brouk Ziegler of his 1975 Ford Thunderbird automobile. Proper service of this complaint, and all subsequent pleadings including five amended complaints, was made by Taylor on all defendants. Despite acknowledging each Receipt of Summons and Complaint, Brouk Ziegler failed to make any appearance. At the time of filing of Taylor's fifth amended complaint, on August 25, 1986, Brouk Ziegler still had not filed an answer. On December 6, 1985, almost three years from the initiation of this lawsuit, Taylor filed a motion with the district court under Federal Rule of Civil Procedure 55(b)(1)[3] asking the clerk to enter a default judgment against Brouk Ziegler.

The district court or the clerk, for reasons unknown to this court, did not rule on this motion for over thirteen months.[4] On the opening day of trial, counsel for the first time appeared on behalf of Brouk Ziegler and filed a joint motion seeking to set aside the requested default and for leave to file its answer instanter. On the second day of trial, January 21, 1987, the district court made its ruling denying Taylor's motion to hold Brouk Ziegler in default. On appeal, Taylor argues this was an abuse of the district court's discretion. We agree.

In reviewing the denial of a motion for default judgment this court must determine whether the trial court abused its discretion. *Swink v. City of Pagedale,* 810 F.2d 791 (8th Cir.1987). In its oral ruling denying Taylor's motion for default judgment, the district court found that, "[Brouk Ziegler's] lawyers should have been here earlier but they weren't; however, no harm has come to [plaintiff]."[5] This ruling was an abuse of discretion.

The entry of judgment by default is "only appropriate where there has been a clear record of delay or contumacious conduct." *E.F. Hutton & Co. v. Moffatt,* 460 F.2d 284, 285 (5th Cir.1972). A more clear record of delay could not exist than the one at hand. Brouk Ziegler, in complete default and in defiance of the Federal Rules of Civil Procedure, failed to file a timely answer to any of plaintiff's five amended complaints, failed to submit pretrial submissions in accordance with the district court's pre-trial order, and precluded plaintiff from the opportunity to conduct any discovery.[6] The resulting prejudice to Taylor should be obvious. Accordingly, we reverse the district court's judgment of dismissal as to defendant Brouk Ziegler and remand the matter for entry of default judgment.

The only remaining issue for this court is one of appropriate damages arising from the default. Federal Rule of Civil Procedure 55(b)(2) states, in relevant part:

*If,* in order to enable the court to enter judgment or to carry it into effect, *it is necessary* to take an account or to deter-

Missouri.

2. We note that the destruction of Taylor's car came just two weeks before the first day of trial.

3. Fed.R.Civ.P. 55(b)(1) states:
    (b) Judgment. Judgment by default may be entered as follows:
    (1) *By the Clerk.* When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if the defendant has been defaulted for failure to appear and if he is not an infant or incompetent person.

4. We note that Taylor again brought this matter to the district court's attention, on December 29, 1986, when he filed a supplemental affidavit for default.

5. Transcript of trial, January 21, 1987, Volume II, p. 15.

6. Perhaps more prejudicial than its inaction is the action Brouk Ziegler did take. As we noted earlier, on the eve of trial plaintiff's automobile was destroyed and sold for scrap iron. In addition, by the time of trial all records pertaining to the car had also been destroyed by Brouk Ziegler.

mine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, *the court may conduct such hearings or order such references* as it deems necessary and proper * * *. (Emphasis added). In interpreting this rule, the Supreme Court has held that "[i]t is a familiar practice and an exercise of judicial power for a court upon default, by taking evidence when necessary or by computation from facts of record, to fix the amount which the plaintiff is lawfully entitled to recover and to give judgment accordingly." *Pope v. United States*, 323 U.S. 1, 12, 65 S.Ct. 16, 22, 89 L.Ed. 3 (1944).

■■■ As "the findings and judgment regarding damages in the instant case are capable of being computed on the basis of facts of record, [this] case falls squarely within the rule of *Pope*." *See In re Consolidated Pretrial Proceedings In Air West Securities Litigation*, 436 F.Supp. 1281, 1286 n. 6 (N.D.Cal.1977). Therefore, the district court need not hold an evidentiary hearing on the issue of damages.[7] The facts of the record indicate that a reasonable fair market value of the automobile claimed in the replevin and conversion suit was $3,000.[8]

Accordingly, upon remand, the district court is directed to vacate its prior judgment of dismissal as to defendant Brouk Ziegler, enter default judgment in favor of Taylor, and to enter judgment for the reasonable fair market value of the automobile. Each defendant is to pay its own costs.

---

7. Defendant Brouk Ziegler was on notice from Taylor's complaint that a demand for damages in the amount of $10,000 was sought. By choosing not to respond, Brouk Ziegler will not now be heard to deny this claim; nor will they be allowed to raise a counterclaim for set-off. For, "it is the law that once a default is entered, a defendant on default has no further standing to contest the factual allegations of plaintiff's claim for relief." *Caribbean Produce Exchange v. Caribe Hydro–Trailer, Inc.*, 65 F.R.D. 46, 48 (D.P.R.1974) (citing *Thomson v. Wooster*, 114 U.S. 104, 5 S.Ct. 788, 29 L.Ed. 105 (1885)). In fact, "[d]efendant is deemed to have admitted

all well pleaded allegations in the complaint." *Id.* In addition, the district court specifically held that the filing of a claim for set-off from defendant Brouk Ziegler would not be allowed. (Transcript of Trial, January 21, 1987, Volume II, p. 16.)

8. The facts of the record indicate that plaintiff paid $3,000 for this automobile approximately two months prior to its impoundment. (Transcript of Trial, January 21, 1987, Volume II, p. 32.)