963 F.2d 376
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Keithian L. ARNOLD, Appellant,
v.
RESOLUTION TRUST CORPORATION AS RECEIVER FOR GERMANIA BANK
F.S.B., Appellee.
 No. 91-3742.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: May 18, 1992.
Filed: May 26, 1992.
 
 Before JOHN R. GIBSON, FAGG, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Keithian L. Arnold appeals from the district court's[1] order granting defendant summary judgment on his Title VII claim. We affirm.
 
 
 2
 Arnold applied for an accounting position at Germania Bank, F.S.B., on May 17, 1988, but the bank did not have any openings. On December 4, 1988, Germania placed an advertisement in the St. Louis Post-Dispatch seeking an entry-level accountant. Arnold, who has a degree in accounting from the University of Illinois, called the bank on December 5 to express interest in the job. Arnold was not hired and alleged in his Title VII complaint that it was because he is black.
 
 
 3
 On January 31, 1991, Arnold filed an amended complaint, which indicated that both the EEOC and the St. Louis Civil Rights Enforcement Agency had found his discrimination charge meritless. On February 22, the district court granted the bank[2] twenty additional days to respond. On March 8, RTC filed an answer in which it denied Arnold's allegation of race discrimination. Thereafter, Arnold moved to disqualify the district judge from the case based on his earlier decision, which this court reversed, to dismiss the complaint. Arnold also moved for default judgment, arguing that the bank had failed to respond to his amended complaint within ten days as required by Federal Rule of Civil Procedure 15(a). He sought to join as parties, under Federal Rule of Civil Procedure 19(a)(1), a number of RTC's attorneys based on acts they allegedly had taken during this and other litigation. Additionally, he moved to consolidate this action with a discrimination case he had filed against Community Federal, a financial institution which also has RTC as its receiver. The district court denied these motions.
 
 
 4
 RTC subsequently moved for summary judgment, arguing that Arnold had failed to establish a prima facie case under McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). In support of its motion, RTC submitted Arnold's deposition, his response to RTC's request for admissions, and the affidavit of Janice Wickenhauser, who was Executive Vice-President of Human Resources and Development for Germania. RTC maintained that Germania advertised for an entry-level accountant after a senior accountant transferred to another position. Anne Culp, an Assistant Internal Auditor with three years of experience, then requested a transfer to the senior accountant position. Germania granted her request and decided not to fill the entry-level position. Arnold admitted he applied only for the entry-level position. Moreover, RTC asserted Arnold was not qualified for the senior accountant position because he had no experience working for financial institutions.
 
 
 5
 The district court ordered Arnold to show cause why it should not grant the motion. Arnold did not respond to the order, and the district court granted summary judgment for RTC, concluding Arnold had failed to establish a prima facie case of discrimination. On appeal, Arnold argues that the district court erred by granting defendant's motion for summary judgment and by denying his motions for default judgment, consolidation, joinder, and disqualification.
 
 
 6
 We review a grant of summary judgment de novo and examine the record in the light most favorable to the nonmoving party. United States ex rel. Glass v. Medtronic, Inc., 957 F.2d 605, 607 (8th Cir. 1992). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). To establish a prima facie case of race discrimination in employment, a plaintiff must show, inter alia, that after he was denied employment, "the position remained open and the employer continued to seek applicants from persons of complainant's qualifications." McDonnell Douglas Corp., 411 U.S. at 802. The record supports the district court's determination that Arnold failed to establish this element. Germania demonstrated that the vacancy in its accounting department occurred when a senior accountant transferred to another position. Shortly after Germania placed an advertisement seeking an entry-level accountant, it decided to fill the senior accountant position by transferring a qualified employee to it upon her request. At that point, having filled the opening in the accounting department, Germania ceased taking applications for the entry-level position. In view of this showing and Arnold's failure to respond to the motion, the district court correctly granted RTC summary judgment. See White v. McDonnell Douglas Corp., 904 F.2d 456, 458 (8th Cir. 1990) (per curiam).
 
 
 7
 We also conclude that Arnold's challenges to the district court's rulings on his motions for default judgment, consolidation, joinder, and disqualification are meritless. Only a clear pattern of "delay or contumacious conduct" by a litigant justifies entry of default judgment, neither of which occurred here. See Taylor v. City of Ballwin, 859 F.2d 1330, 1332 (8th Cir. 1988). The district court did not abuse its discretion by denying Arnold's request to consolidate this case with his Title VII claim against Community Federal because the actions arose from separate incidents and involve no common factual questions. See Environmental Protection Agency v. City of Green Forest, 921 F.2d 1394, 1402-03 (8th Cir. 1990). Likewise, the district court properly denied Arnold's motion to join RTC's attorneys and their law firms under Rule 19(a)(1) as these persons and entities were not necessary to accord complete relief among the parties to this lawsuit. LLC Corp. v. Pension Benefit Guaranty Corp., 703 F.2d 301, 305 (8th Cir. 1983). Finally, Arnold's disqualification motion against the district judge was entirely meritless as it was based solely on an unfavorable judicial ruling. See Holloway v. United States, No. 90-2648, slip op. at 5 (8th Cir. Mar. 13, 1992).
 
 
 8
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable George F. Gunn, Jr., United States District Judge for the Eastern District of Missouri
 
 
 [2]
 The Resolution Trust Corporation (RTC) was appointed conservator for the bank on June 22, 1990, and on July 26, 1991, was appointed receiver. The district court substituted RTC as defendant on August 28, 1991