# United States Court of Appeals

### For the Eighth Circuit

_____

No. 17-1511

_____

James Bret Stringer

*Plaintiff - Appellant*

v.

Nancy A. Berryhill, Acting Commissioner of Social Security

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Western District of Missouri - Springfield

_____

Submitted: November 6, 2017
Filed: November 9, 2017
[Unpublished]

_____

Before WOLLMAN, GRUENDER, and BENTON, Circuit Judges.

_____

PER CURIAM.

James Bret Stringer appeals the district court's[1] order affirming the denial of disability insurance benefits (DIB) and supplemental security income (SSI). We find no abuse of discretion in the district court's denial of appointed counsel, see Phillips v. Jasper County Jail, 437 F.3d 791, 794 (8th Cir. 2006) (relevant criteria include factual and legal complexity of case; there is no statutory or constitutional right to appointment of counsel in civil case), or in the denial of entry of default judgment, see Fed. R. Civ. P. 55(a) (default judgment warranted only when defendant "has failed to plead or otherwise defend"); Taylor v. City of Ballwin, 859 F.2d 1330, 1332 (8th Cir. 1988) (abuse-of-discretion standard of review).

Upon de novo review, we agree with the district court that substantial evidence on the record as a whole supports the denial of benefits. See Gann v. Berryhill, 864 F.3d 947, 950-51 (8th Cir. 2017). Specifically, the administrative law judge's (ALJ's) credibility determination is entitled to deference, because it was based on several valid reasons. See Julin v. Colvin, 826 F.3d 1082, 1086 (8th Cir. 2016) (credibility determination is ALJ's province, and, so long as it is supported by good reasons and substantial evidence, this court will defer to it); see also Halverson v. Astrue, 600 F.3d 922, 932 (8th Cir. 2010) (ALJ is not required to discuss each credibility factor as long as factors are acknowledged and considered). Further, under the circumstances of this case, the ALJ was not required to schedule a second consultative examination. See Martise v. Astrue, 641 F.3d 909, 926-27 (8th Cir. 2011) (ALJ is required to order tests and medical examinations only if medical records presented to him give insufficient medical evidence to determine if claimant is disabled); Shannon v. Chater, 54 F.3d 484, 488 (8th Cir.1995) (reversal for failure to develop record is warranted only when such failure is unfair or prejudicial). As to residual functional capacity (RFC), the ALJ's findings were supported by substantial evidence, in part because the credibility determination was proper. See Boyd v. Colvin, 831 F.3d 1015, 1020 (8th Cir. 2016)

---

[1]The Honorable Robert E. Larsen, United States Magistrate Judge for the Western District of Missouri, now retired, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

(it is ALJ's responsibility to determine RFC based on all relevant evidence: medical records, observations of treating physician and others, and claimant's own description of his limitations). While there were no medical opinions, it appears the medical evidence would have supported even a less restrictive RFC,[2] see Hensley v. Colvin, 829 F.3d 926, 931-32 (8th Cir. 2016) (RFC is medical question and must be supported by some medical evidence of claimant's ability to function in workplace, but there is no requirement that RFC findings be supported by specific medical opinion); and, contrary to Stringer's assertion, it was his burden to establish his RFC, see id. at 932. Finally, we reject Stringer's assertion of ALJ bias. See Perkins v. Astrue, 648 F.3d 892, 902-03 (8th Cir. 2011) (claimant bears burden of producing sufficient evidence to overcome presumption that ALJ is unbiased). The judgment is affirmed.

_____

---

[2]The ALJ who denied Stringer DIB and SSI in February 2013, found Stringer capable of lifting more weight, and engaging in more walking and standing.