Danielle R. WEBER, a minor by Deborah A. WEBER, her Guardian ad Litem; and Deborah A. Weber, Plaintiffs,

v.

METROPOLITAN LIFE INSURANCE COMPANY, a New York corporation, and its Division Office of Federal Employees' Group Life Insurance; and J. Does I through III, Defendants.

No. CIV–R–82–275–ECR.

United States District Court,
D. Nevada.

Oct. 7, 1982.

John Hamlin, Swanson & Capurro, Reno, Nev., for plaintiffs.

Prince A. Hawkins, Reno, Nev., for defendants.

## ORDER

EDWARD C. REED, Jr., District Judge.

This action was removed to this Court by the defendants pursuant to the provisions of 28 U.S.C. § 1441 on the basis that original jurisdiction over the cause by this forum exists under 28 U.S.C. § 1332, diversity of citizenship. Shortly thereafter plaintiffs filed a motion to remand on the grounds that this action was not properly removable. Plaintiffs' motion is well taken and for the following reasons this case must be remanded back to state court.

Briefly, the instant action involves a dispute regarding the right to proceeds payable under a policy of life insurance. Plaintiffs sue to collect the proceeds of the policy regardless of the actual named beneficiaries under the policy pursuant to a Marital Settlement Agreement executed by Douglas Weber, now deceased, and plaintiff Danielle R. Weber. Plaintiffs allege the fictitious names of "J. Does I—III" as being the actual named beneficiaries under the policy. In the answer and counterclaim for interpleader subsequently filed herein by the defendant insurers it is represented that the sole beneficiary under the subject insurance policy is Joan Weber of Reno, Nevada. The petition for removal was based upon diversity of citizenship as between plaintiff Nevada residents and defendant out-of-state insurers.

On a motion to remand the removing party bears the burden of proof on the issue of diversity. *Carson v. Dunham*, 121 U.S. 421, 425–26, 7 S.Ct. 1030, 1031 to 32, 30 L.Ed. 992 (1887); *Goldberg v. CPC Interna-*

*tional, Inc.*, 495 F.Supp. 233, 236 (N.D.Cal. 1980). Unless it can be shown that the naming of Doe defendants is a sham or that they are non-residents or that plaintiff does not intend to proceed against them, removal is improper. Wright, Miller & Cooper, 14 Federal Practice and Procedure, § 3642 p. 125 (1976); *Pullman v. Jenkins*, 305 U.S. 534, 59 S.Ct. 347, 83 L.Ed. 334 (1939); *Preaseau v. Prudential Insurance Company of America*, 591 F.2d 74 (9th Cir.1979); *Hartwell Corporation v. Boeing Company*, 678 F.2d 842 (9th Cir.1982); *Grigg v. Southern Pacific Company*, 246 F.2d 613 (9th Cir.1957).

Here, there is no indication that the naming of Doe defendants was a sham. Indeed, it does appear that a beneficiary named under the subject life insurance and alleged as a Doe defendant in the complaint herein is a resident of Nevada, a fact which will destroy the requisite complete diversity jurisdictional basis for this action. As such this case was removed "improvidently and without jurisdiction" within the meaning of 28 U.S.C. § 1447(c).

IT IS HEREBY ORDERED that this cause be remanded to the Second Judicial District Court of the State of Nevada, in and for the County of Washoe.