**Cynthia SMITH, Plaintiff,**

v.

**McDONNELL DOUGLAS CORPORATION, et al., Defendants.**

**No. 85C5970.**

United States District Court, N.D. Illinois, E.D.

July 2, 1985.

Norman J. Barry, Daniel Cummings, Rothschild, Barry & Myers, Chicago, Ill., for defendants.

James W. Vititoe, Law Offices of Edward L. Masry, Sherman Oaks, Cal., for plaintiff.

MEMORANDUM OPINION
AND ORDER

SHADUR, District Judge.

■ McDonnell Douglas Corporation ("MDC") has removed this personal injury action from the Circuit Court of Cook County, where it was brought by Cynthia Smith ("Smith"). For the reasons briefly stated in this memorandum opinion and

order, the action is remanded to the court from which it emanated.[1]

Removal to the federal courts is a subject fraught with arcane mysteries, in substantial part because federal courts are courts of limited jurisdiction and jurisdictional questions are filled with technical pitfalls for the unwary. In this case the problems are created by Smith's lawyer's inclusion of "DOES 1 through 50"[2] as defendants.[3]

MDC has filed its petition for removal as though it were the sole defendant. But if Smith's allegations are taken at face value (as they must be), the Doe defendants are *real people* whose identity is simply not yet known to Smith—not hypothetical people who may or may not exist. See *Fifty Associates v. Prudential Insurance Co. of America*, 446 F.2d 1187, 1191 (9th Cir. 1970).

■ Ordinarily removal must be joined in by all defendants. 14A Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction 2d* § 3723, at 308 & n. 6 and cases cited (1985 ed.). But where as here the state court had acquired jurisdiction only over MDC at the time of removal, MDC alone could petition for that purpose. *Id.* at § 3731, 504–07 & nn. 7–8 and cases cited. Therefore MDC's having acted alone poses no problem of itself.

But another and fatal flaw infects the removal petition. Had Smith sought to file the identical complaint in federal court, she would have been obliged to allege the citizenship of *every* defendant. 13B Wright, Miller & Cooper § 3611, at 516 & n. 26 and cases cited (1984 ed.). And given the nature of her allegations about the unknown identity of the Doe defendants, she could not in fact have made the necessary diversity of citizenship allegations to confer federal jurisdiction. *Fifty Associates*, 446 F.2d at 1189–91.

■ MDC's removal petition can stand in no better stead. It did not make the necessary citizenship allegations as to the Doe defendants—and it really could not have. *Cf. John Hancock Mutual Life Insurance Co. v. Central National Bank in Chicago*, 555 F.Supp. 1026 (N.D.Ill.1983). Nor is this a case of a plaintiff's obviously spurious joinder of defendants (albeit of unknown specific identity in this case) to defeat federal jurisdiction. Smith's Doe defendants are the persons who designed, made and assembled the MDC product whose defective nature assertedly caused Smith's injury (Complaint ¶ 4). Thus the Complaint is conceptually comparable (though not identical in form) to that found to require remand in *Baggett v. Alto Corp.*, 459 F.Supp. 989 (N.D.Ala.1978).

Case law in this area is not all of a piece. See Comment, *John Doe, Where Are You? The Effects of Fictitious Defendants on Removal Jurisdiction in Diversity Cases*, 34 Ala.L.Rev. 99 (1983). However the cases that strike this Court as better-reasoned, consistent with the limited jurisdiction of the federal courts and the strict reading ordinarily given removability as a result, compel remand here. See, e.g., *Pecherski v. General Motors Corp.*, 636 F.2d 1156 (8th Cir.1981) generally, and cases cited *id.* at 1160; *Weber v. Metropolitan Life Insurance Co.*, 554 F.Supp. 553 (D.Nev.1982). Indeed the extended and thoughtful analysis by Judge Schwarzer in *Goldberg v. CPC International, Inc.*, 495 F.Supp. 233 (N.D.Cal.1980), dealing with a complaint much like the present one, concluded, *id.* at 238:

---

1. As the discussion will reflect, there is a lack of proved diversity of citizenship, and thus a lack of subject matter jurisdiction, in this case. That defect is properly raised by this Court sua sponte. 14A Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction 2d* § 3739, at 572–73 & nn. 3–4 and cases cited (1985 ed.).

2. Though both the caption and Complaint ¶ 2 refer to 50 Doe defendants, the prayer for relief adverts to just 10. That makes no difference to the analysis in this opinion.

3. Not surprisingly, Smith's lawyer is a California practitioner (as Smith appears to be a California citizen). Doe practice, virtually unknown here, is de rigeur in California. Cal.Civ. Proc.Code § 474; see Hogan, *California's Unique Doe Defendant Practice: A Fiction Stranger Than Truth*, 30 Stan.L.Rev. 51 (1977).

It follows from the [*Southern Pacific Co. v.*] *Haight,* [126 F.2d 900 (9th Cir.), *cert. denied,* 317 U.S. 676 [63 S.Ct. 154, 87 L.Ed. 542] (1942) ], *Grigg* [*v. Southern Pacific Co.,* 246 F.2d 613 (9th Cir. 1957) ] and *Preaseau* [*v. Prudential Insurance Co. of America,* 591 F.2d 74 (9th Cir.1979) ] line of cases that a complaint containing Doe allegations is on its face a pleading which is not removable, regardless of the specificity of the description of or of the charges against the Does. It may of course become removable either by proof that the Doe allegations are sham or by subsequent dismissal or abandonment of the claim against the Does.

All the cases cited in this paragraph draw sustenance from *Pullman Co. v. Jenkins,* 305 U.S. 534, 540–41, 59 S.Ct. 347, 350–351, 83 L.Ed. 334 (1939), the inferences from which also support remand here.

Accordingly diversity of citizenship—and therefore subject matter jurisdiction—is lacking, and the action must be deemed to have been "removed improvidently and without jurisdiction" (28 U.S.C. § 1447(c) ). This action is remanded to the Circuit Court of Cook County by reason of such improvident removal.