Kenia M. CINTRON PARRILLA,
et al., Plaintiffs,

v.

LILLY DEL CARIBE, INC.,
et al., Defendants.

No. CIV. 98–1630 (DRD).

United States District Court,
D. Puerto Rico.

Nov. 30, 1998.

Jesus M. Hernandez–Sanchez, San Juan, PR, Guillermo A. Macari–Grillo, Roberto Corretjer Piquer Law Office, San Juan, PR, plaintiffs.

Lizette C. Velez–Rive, Schuster Usera Aguilo & Santiago, San Juan, PR, for defendants.

## OPINION AND ORDER

DOMINGUEZ, District Judge.

Pending before this court is a Motion to Dismiss (Docket No. 3) filed by co-defendants Lilly del Caribe (Lilly), Evelyn Rodríguez, Raquel Llivina, Félilx Matos, Lydianne Sécola and Luz E. Soto, and co-defendant Ricardo Flores' Motion Joining Notice of Removal and Motion to Dismiss (Docket No. 6). Also before the court is plaintiffs' Opposition to Removal and to Motion to Dismiss (Docket No. 9).

## I. BACKGROUND

Co-plaintiffs Kenia Cintrón Parilla (Cintrón), a Lilly employee, her husband Miguel A. García Méndez, the conjugal partnership formed between them, and their three children filed suit in the Puerto Rico Court of First Instance, Carolina Superior Section on May 5, 1998. Plaintiffs seek benefits under Lilly's Short Term Disability and Long Term Disability Plans for which co-plaintiff Cintrón allegedly qualifies. They also seek extra-contractual damages for mental anguish in the amount of $1,175,000.00. Plaintiffs allege that Cintrón is entitled to Lilly's Short Term Disability and Long Term Disability plan since she suffered from a disabling work related condition. They further contend that defendants wrongfully denied Cintrón these benefits despite the fact that she has complied with all the requisites for eligibility. The above mentioned co-defendants removed the case on June 4, 1998, and now seek to dismiss under Fed. R. Civ. Pro 12(b)(6) for failure to state a claim upon which relief can be granted.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides that a party may motion the court to dismiss the case for failure to state a claim upon which relief can be granted. It is well-settled, however, that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support for his claim which would be entitled to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *see also Miranda v. Ponce Federal Bank,* 948 F.2d 41, 44 (1st Cir.1991). The Court must accept as true the well-pleaded factual averments contained in the complaint, while at the same time drawing all reasonable inferences from the allegations in favor of the plaintiff. *See McDonald v. Santa Fe Trail Transp. Co.,* 427 U.S. 273, 276, 96 S.Ct. 2574, 49 L.Ed.2d 493 (1976); *Correa–Martinez v. Arrillaga–Beléndez,* 903 F.2d 49, 51 (1st Cir.1990); *Dartmouth Review v. Dartmouth College,* 889 F.2d 13, 16 (1st Cir.1989).

In opposing a Rule 12(b)(6) motion, "a plaintiff cannot expect a trial court to do his homework for him." *McCoy v. Massachusetts Institute of Technology*, 950 F.2d 13, 22 (1st Cir.1991). Rather, the plaintiff has an affirmative responsibility to put his best foot forward in an effort to present a legal theory that will support his claim. Id. at 23 (citing *Correa–Martinez*, 903 F.2d at 52; *Dartmouth Review*, 889 F.2d 13, 16 (1st Cir.1989); *Ryan v. Scoggin*, 245 F.2d 54, 57 (10th Cir. 1957)). Plaintiff must set forth in his complaint "factual allegations, either direct of inferential, regarding each material element necessary to sustain recovery under some actionable theory." *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 514 (1st Cir.1988).

## III.  DISCUSSION

a.  *Preemption of state causes of action*

█ Plaintiffs seek benefits under defendant Lilly's Short Term Disability and Long Term Disability plans. Because this court finds these benefits plans constitute an "employee welfare benefit plan" as defined in § 3(1) of ERISA, plaintiffs' cause of action is preempted by federal law. ERISA § 3(1) defines an "employee welfare benefit plan" as any plan, fund or program which is established or maintained by an employer for the purposes of providing, either directly or through the purchase of insurance benefits such as medical, dental or disability. 29 U.S.C. § 1002(1). Moreover, it is clearly established in this Circuit that disability and medical benefit plans provided to employees by an employer are welfare benefits subject to ERISA. *Johnson v. Watts Regulator Co.*, 63 F.3d 1129, 1133 (1st Cir.1995) (group insurance programs for accidental death, dismemberment, and permanent disability qualified as a program of employee benefits under ERISA); *Toledo v. Ayerst–Wyeth Pharmaceutical, Inc.*, 852 F.Supp. 91, 98 (D.P.R.1993) (court found medical benefits plans and short and long term benefit plans in question were welfare benefits governed by ERISA); *Sarraf v. Standard Ins. Co.*,

102 F.3d 991 (9th Cir.1996) (long term disability plan was an "employee welfare benefit plan" within the meaning of ERISA); *Chiles v. Ceridian Corp.*, 95 F.3d 1505 (10th Cir.1996) (long-term disability plan is an "employee welfare benefit plan" since disability insurance are considered welfare, not pension, benefits). As such, the court finds that Lilly's Short Term Disability and Long Term Disability plans are "employee welfare benefit plans" governed by ERISA.

Because ERISA applies to the benefit plans at issue here, plaintiffs' state law claim for benefits under the plans is preempted. 29 U.S.C. § 1144(a).[1] The Supreme Court has held that ERISA's "preemptive force 'is so powerful as to displace entirely any state cause of action...' " *Pilot Life Insurance Co. v. Dedeaux*, 481 U.S. 41, 44, 107 S.Ct. 1549, 1551, 95 L.Ed.2d 39 (1987) (quoting *Franchise Tax Bd. v. Construction Laborers Vac. Trust*, 463 U.S. 1, 23, 103 S.Ct. 2841, 2853, 77 L.Ed.2d 420 (1983)); *FMC Corp. v. Holliday*, 498 U.S. 52, 58, 111 S.Ct. 403, 407, 112 L.Ed.2d 356 (1990) ("the [ERISA] preemption clause is conspicuous for its breadth"). Section 1144(a) of ERISA has the effect of preempting any state statue dealing with benefit plans covered under ERISA "even if the law is not specifically designed to affect such plans, or the effect is only indirect." *District of Columbia v. Greater Washington Bd. Of Trade*, 506 U.S. 125, 113 S.Ct. 580, 121 L.Ed.2d 513 (1992). As such, plaintiffs' state law causes of action to recover from defendant's disability plans are preempted by ERISA.

In addition, plaintiffs claim for extra-contractual damages allegedly arising out of defendant's denial of benefits is also preempted by ERISA. Under ERISA, "[a] civil action may be brought by a participant or beneficiary to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarity his right to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). In addition, ERISA also provides for "other appro-

---

1.  29 U.S.C. § 1144(a) states: "Except as provided in subsection (b) [not applicable here] the provisions of this subchapter and subchapter III shall supersede any and all state law insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(b) of this title."

priate equitable relief." *Id.* at § 1132(a)(3)(B). In light of the remedies available under ERISA, the First Circuit has made clear that "extra-contractual damages are unavailable under § 1132(a)(3)." *Drinkwater v. Metropolitan Life Ins. Co.*, 846 F.2d 821, 825 (1st Cir.), *cert denied,* 488 U.S. 909, 109 S.Ct. 261, 102 L.Ed.2d 249 (1988); *see also Wickman v. Northwestern Nat'l Ins. Co.*, 908 F.2d 1077, 1082 (1st Cir.), *cert denied,* 498 U.S. 1013, 111 S.Ct. 581, 112 L.Ed.2d 586 (1990) ("a claimant's common law contract and tort claims asserting the improper processing of a claim for benefits under an ERISA regulated insurance policy are pre-empted."); *Lee v. Burkhart,* 991 F.2d 1004 (2nd Cir.1993) ("Money damages are generally unavailable under [ERISA § 502(a)(3) ]."). Accordingly, plaintiffs may not recover extra-contractual damages caused by defendant's alleged denial of benefits. Only the remedies provided under ERISA are available to plaintiffs.

### b. *Defendant Ramos' failure to join Notice of Removal not a bar removal*

■ In their opposition plaintiffs suggest that the fact that one co-defendant, Dr. Marcos Ramos, has not joined the Notice of Removal constitutes a bar to removal. The court disagrees and finds that removal in this case is proper. "It is well established that all defendants named in the complaint and which have been served must join in the petition for removal. An exception to the general rule is the situation given when the non-joined is a non-resident defendant who has not been served in time to join in the removal petition." *Futurama Import Corp. v. Kaysons International of Miami, Inc.*, 304 F.Supp. 999, 1001 (D.P.R.1969); 14A Wright, Miller & Cooper, Federal Practice & Procedure: Jurisdiction 3rd § 3731 (1998) ("Ordinarily all of the defendants in the state court action must consent to the removal and the notice of removal must be signed by all of the defendants," however, this rule only applies to all defendants "over whom the state court has acquired jurisdiction."). In the instant case, plaintiffs have yet to serve process on defendant Ramos. As such, his failure to join co-defendants' Notice of Removal does not impede removal in this case. *Republic*

*Western Insurance Co. v. International Insurance Co.*, 765 F.Supp. 628, 629 (N.D. Cal. 1991). ( "...defendants upon whom service has not been effected at the time the notice is filed, need not join the notice of removal."); *see also Smith v. McDonnell Douglas Corp.*, 612 F.Supp. 364, 365 (N.D.Ill.1985) (defendants not served with process are not a bar, those served can act alone on the petition.).

For the reasons stated above, plaintiffs' state causes of action in this case are completely preempted by ERISA. Moreover, plaintiffs are not entitled to extra-contractual damages resulting out of a denial of benefits. As such, because plaintiffs do not present a cause of action for which this court can grant relief, plaintiffs' action must be dismissed.

**WHEREFORE,** the court **GRANTS** defendant's Motion to Dismiss (Docket No. 3). The complaint against Defendants is hereby **DISMISSED.**

IT IS SO ORDERED.