**METROPOLITAN LIFE INSURANCE COMPANY, Plaintiff,**

v.

**Juan COLÓN RIVERA, Defendant.**

**Civil No. 02–1237 (DRD).**

United States District Court,
D. Puerto Rico.

May 9, 2002.

Frank Gotay–Barquet, Feldstein, Gelpi & Gotay, San Juan, PR, for plaintiff.

## OPINION AND ORDER

DOMINGUEZ, District Judge.

This matter is now before the Court on a request for injunctive relief and on a motion for judgment by default filed by the plaintiff, Metropolitan Life Insurance Company ("MetLife"). For the reasons discussed hereinafter, the Court grants MetLife's motion for judgment by default. The Court further issues a permanent injunction against the defendant, Juan Colón Rivera ("Colón"), in the terms more fully set forth below.

The facts underlying this action are beyond dispute since all of them are now deemed admitted as a result of Colón's default for failure to respond to the complaint. The default of a defendant constitutes an admission of all facts well-pleaded in the complaint. *Banco Bilbao Vizcaya Argentaria v. Family Restaurants, Inc. (In re The Home Restaurants, Inc.)*, 285 F.3d 111, 114 (1st Cir.2002) ("a party gives

up right to contest liability when it declines to participate in the judicial process"); *Franco v. Selective Ins. Co.*, 184 F.3d 4, 9 n. 3 (1st Cir.1999) ("[a] party who defaults is taken to have conceded the truth of the factual allegations in the complaint"); *Goldman, Antonetti, Ferraiouli, Axtmayer & Hertell v. Medfit Int'l., Inc.*, 982 F.2d 686, 693 (1st Cir.1993) ("an entry of a default against a defendant establishes the defendant's liability"); *Brockton Savings Bank v. Peat, Marwick, Mitchell & Co.*, 771 F.2d 5 (1st Cir.1985) ("there is no question that, default having been entered, each of [plaintiff's] allegations of fact must be taken as true and each of its [ ] claims must be considered established as a matter of law."), *cert. denied*, 475 U.S. 1018, 106 S.Ct. 1204, 89 L.Ed.2d 317 (1986); *Eisler v. Stritzler*, 535 F.2d 148, 153 (1st Cir. 1976) ("[t]he default judgment on the well-pleaded allegations in plaintiff's complaint established ... defendant's liability"); *see also Caribbean Produce Exchange v. Caribe Hydro–Trailer, Inc.*, 65 F.R.D. 46 (D.P.R.1974)("it is the law that once a default is entered, a defendant on default has no further standing to contest the factual allegations of plaintiff's claim for relief.... Defendant is deemed to have admitted all well pleaded allegations in the complaint. At the most, all that defendant can do is question the extent of the damages suffered by the plaintiff").

This is an action under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C.A. 1001–1466, and under an ERISA-regulated long-term disability group policy (the "Plan") issued by MetLife and covering certain employees of Abbot Laboratories, Inc. ("Abbot"). Colón is a former employee of Abbot Laboratories, Inc. and a participant and/or beneficiary of the Plan. The Plan provides for payment of Long Term Disability ("LTD") benefits in the event a covered employee becomes disabled, as

that term is defined in the Plan. The Plan also establishes the procedure for claiming disability benefits and seeking review from MetLife's decisions denying claims for benefits. The Plan specifically provides that in the event a claim is denied in whole or in part, the participant may request a review of his/her claim by MetLife within 60 days from receipt of the notice of the denial of the claim.

Colón received LTD benefits under the Plan and a predecessor plan issued by another insurance company, from May 1994 through June 1996. In 1996 MetLife received information that Colón was working as a private security officer while on LTD benefits under the Plan. MetLife also learned that Colón was receiving LTD benefits from another company under another ERISA plan of his former employer at the same time that he was on disability under the Plan and working as a private security officer. Based on that information, MetLife gave notice to Colón that it was discontinuing payment of LTD benefits to him effective June 1, 1996, and requested that he, Colón, submit information to which MetLife was entitled under the Plan regarding his job, current status of the medical condition on which the initial determination granting him LTD benefits had been based and the benefits that he had received from Jefferson. Further attempts by MetLife to obtain the information sought from Colón were unsuccessful. On December 27, 1999, MetLife notified Colón that he did not meet the definition of disability under the Plan and that, consequently, it was denying his claim for further LTD benefits past June 1, 1996. MetLife advised Colón of his right to request an administrative review of the claim in accordance with the Plan.

**Colón, however, failed to timely request administrative review of MetLife's decision.** In or about February 2001, ap-

proximately one (1) year after the expiration of the 60–day term set forth by the Plan, Colón submitted to MetLife a request for reconsideration of MetLife's decision denying his claim. On November 26, 2001, MetLife confirmed its initial decision terminating payment of LTD benefits to Colón. MetLife advised Colón that said determination was the final decision on review and constituted completion of the full and fair review required by the Plan and federal law, and that under the Plan no further administrative appeals were available.[1]

Notwithstanding the above, Colón has insisted, threatened and has since engaged in hostile conduct aimed at coercing MetLife to provide him with further administrative review and to award him additional benefits under the Plan. As a result thereof, MetLife commenced this action seeking judgment declaring the rights of the parties and/or to ascertain their rights under ERISA and the Plan, and for injunctive relief. Concurrently with the complaint, MetLife filed a motion for preliminary injunction enjoining Colón from continuing making harassing and threatening calls to MetLife, and from engaging in any other conduct aimed at coercing MetLife to provide further administrative review of his claim and to award to him further disabili-

ty benefits. Service of the complaint, of the summons and of MetLife's motion for preliminary injunction was made on Colón personally on March 1, 2001. Colón neither responded to the complaint nor otherwise defended, and his default was entered by the Clerk on April 9, 2002.

On April 10, 2002, the Court signed an order directing Colón to show-cause as to why MetLife's motion for preliminary injunction should not be granted. The order directed the parties to present their respective positions to the Court in writing not later than April 29, 2002, and to appear on May 1, 2002, at 5:30 P.M. for a show-cause hearing. Additionally, the order advised that given the urgency of this matter, absolutely no extensions would be granted. A copy of said order was served on Colón personally on April 12, 2002. Colón, however, failed to present his position in writing, as the April 10, 2002 order specifically commanded.

On April 29, 2002, MetLife filed a motion for judgment by default pursuant to Fed.R.Civ.P. 55(b), and a pre-hearing memorandum in compliance with the order dated April 10, 2002. At the show-cause hearing held on May 1, 2002, MetLife appeared represented by counsel. Colón appeared represented *pro se*.[2] Colón sought

1. ERISA requires employers to establish procedures for reviewing employees' claims under their employee benefit plans. 29 U.S.C.A. § 1133. While the statute itself does not contain an express exhaustion requirement, "[i] is well settled that there is a 'firmly established federal policy favoring exhaustion of administrative remedies in ERISA cases,'" *Morais v. Central Beverage Corp. Union Employees' Supplemental Retirement Plan*, 167 F.3d 709, 712 (1st Cir.1999), *citing Alfarone v. Bernie Wolff Const. Corp.*, 788 F.2d 76, 79 (2nd Cir.1986). "[A] requisite to obtaining judicial review under [29 U.S.C.] § 1132(a)(1)(B) is that the claimant have exhausted the internal administrative remedies available to him." *Terry v. Bayer Corp.*, 145 F.3d 28, 36 (1st Cir.1998). It is undisputed

that the Plan at issue in this action provided the required review procedure. Furthermore, the record shows that even though Colón failed to timely request administrative review of his claim, MetLife did entertain his belated request for review. Colón's argument at the show-cause hearing held on May 1, 2002, that he has not been provided a full and fair review is unsupported. It is undisputed also that Colón never sought judicial review of MetLife's final decision although he was properly advised that he was not entitled to further administrative reviews under the Plan.

2. As a party to a lawsuit, Colón was required to take notice of all proceedings and timely procure legal representation. During the course of the hearing, the Court strongly

to argue, in essence, that he is disabled and thus entitled to the LTD benefits, and that MetLife had not provided to him a full and fair review of his claim. The argument fails to meet the threshold of the show-cause order.

This Court has jurisdiction to entertain this action under 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e), in that it involves the rights and obligations of the parties under an employee welfare benefit plan regulated by ERISA. Resolution of this matter is governed exclusively by federal law, specifically ERISA. *Carpenters Local Union No. 26 v. U.S. Fidelity & Guar. Co.*, 215 F.3d 136, 139 (1st Cir.2000). ("ERISA is a comprehensive statutory scheme that governs employee benefit plans."). Long-term disability benefit plans provided to employees by their employer are employee welfare benefit plans regulated by ERISA. *Diaz López v. Commonwealth Oil Refining Co., Inc.*, 833 F.Supp. 86, 88 (D.P.R. 1993), *aff'd*, 29 F.3d 619, 1994 WL 285768 (1st Cir.), *cert. denied*, 513 U.S. 1025, 115 S.Ct. 596, 130 L.Ed.2d 508 (1994); *Cintrón Parrilla v. Lilly Del Caribe, Inc.*, 32 F.Supp.2d 35, 37 (D.P.R.1998). "[I]t is clearly established in this Circuit that disability and medical benefit plans provided to employees by an employer are welfare benefits subject to ERISA." *Id.*

■ Federal courts may properly take jurisdiction over declaratory judgment suits such as the present action "in which, if the declaratory judgment defendant brought a coercive action to enforce its rights, that suit would necessarily present a federal question." *Franchise Tax Bd. of the State of Cal. v. Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 19, 103 S.Ct. 2841, 2851, 77 L.Ed.2d 420 (1983).

The [Declaratory Judgment Act] does not constitute an independent basis of federal question jurisdiction. It does, however, "allow parties to precipitate suits [in federal court] that otherwise might need to wait for the declaratory relief defendant to bring a coercive action," provided there is an underlying ground for federal jurisdiction. "[I]f the federal issue [presented in a declaratory judgment action] would inhere in the claim on the face of the complaint that would have been in a traditional damage or coercive action [by the declaratory judgment defendant], then federal jurisdiction exists over the declaratory judgment action." In other words, "the declaratory judgment device allows a party 'to bootstrap its way into federal court' by bringing a federal suit that corresponds to one the opposing party might have brought."

*Household Bank v. JFS Group*, 191 F.Supp.2d 1292, 1299 (M.D.Al.2002) (citations omitted). "A person may seek declaratory relief in federal court if the one against whom he brings his action could have asserted his own rights there." *Standard Ins. Co. v. Saklad*, 127 F.3d 1179, 1181 (9th Cir.1997). Because Colón could have sued under 29 U.S.C. § 1132(e)(1) to recover benefits under the

---

urged Colón to obtain counsel. Colón's conclusory statement about his professed inability to find counsel is unpersuasive. Colón had two months and almost three weeks prior to the show-cause hearing to obtain legal representation. Colón provided no specifics of the action taken by him, if any, to retain counsel. There is no violation of fundamental fairness or due process when judgment is entered against a party who was properly served with

process and never took the action necessary to ensure that he would be represented by counsel. Nevertheless, the Court once again urges Colón to find and consult with counsel about the nature, scope and effects of this order and the judgment entered pursuant hereto, and about the consequences he faces if he fails to comply with the injunction issued hereby.

Plan, this Court has jurisdiction to entertain this declaratory judgment action by MetLife seeking a declaration of the rights and obligations of the parties under the Plan. *See, Cardtoons, L.C. v. Major League Baseball Players Ass'n*, 95 F.3d 959, 965 (10th Cir.1996) ("Because [the defendant] could have brought a federal Lanham Act claim as part of a well-pleaded complaint against [the plaintiff], the district court had federal question jurisdiction over this declaratory judgment action.").

MetLife's claim must be reviewed under the same standard applicable to an action to recover benefits under the Plan. "A district court reviews ERISA claims arising under 29 U.S.C. § 1132(a)(1)(B) *de novo* unless the benefit plan in question confers upon the administrator 'discretionary authority' to determine eligibility for benefits or to construe the terms of the plan." *Rodriguez–Abreu v. Chase Manhattan Bank*, 986 F.2d 580, 583 (1st Cir.1993)(*citing Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989))(footnote omitted, emphasis added). Thus, it is clear that "when the benefit plan gives the administrator or fiduciary discretion to determine benefit eligibility or construe plan terms, *Firestone* and its progeny mandate a deferential 'arbitrary and capricious' standard of judicial review." *Recupero v. New England Tel. & Tel. Co.*, 118 F.3d 820, 827 (1st Cir.1997). "[A]n insurer's termination decision will be reviewed under a deferential arbitrary and capricious standard where, as here, the language of the underlying plan reserves discretion to the insurer in determining eligibility for benefits." *Pari–Fasano v. ITT Hartford Life and Accident Ins. Co.*, 230 F.3d 415, 418 (1st Cir.2000), citing *Firestone*, 489 U.S. at 115, 109 S.Ct. 948. Under this standard, "the administrator's decision not to award benefits will be reversed only if it is 'arbitrary and capricious.'" *Mauser v.*

*Raytheon Company Pension Plan for Salaried Employees*, 31 F.Supp.2d 168, 170 (D.Ma.1998).

■ The Plan in this case **provides** to MetLife discretionary authority to interpret the terms of the Plan and to determine eligibility for and entitlement to Plan benefits. Specifically, the Long Term Disability Plan provides, in its "Claims Information" section, p. 19, that,

> In carrying out their respective responsibilities under the Plan, the Plan administrator and other Plan fiduciaries shall have **discretionary authority to interpret the terms of the Plan and to determine eligibility for and entitlement to Plan benefits** in accordance with the terms of the Plan. Any interpretation or determination made pursuant to such discretionary authority shall be given full force and effect, unless it can be shown that the interpretation or determination was arbitrary and capricious.

*See* Exhibit # 1, p. 19, Docket No. 3 (emphasis added).

The decision of MetLife denying benefits to Colón, therefore, "must be upheld unless 'arbitrary, capricious, or an abuse of discretion.'" *Doyle v. The Paul Revere Life Ins. Co.*, 144 F.3d 181, 183 (1st Cir. 1998), citing *Diaz v. Seafarers Int'l Union*, 13 F.3d 454, 456 (1st Cir.1994); *Firestone*, 489 U.S. 101, 111–15, 109 S.Ct. 948; *Recupero*, 118 F.3d at 828. The burden to show that the decision was arbitrary, capricious or an abuse of discretion is on the claimant. *Doyle*, 144 F.3d at 185. "The burden is on the employee to provide satisfactory proof of the nature and extent of his disability." *García v. Raytheon Employees Disability Trust*, 122 F.Supp.2d 240, 242 (D.N.H.2000). Colón failed here to overcome his burden.

■ Colón's argument at the show-cause hearing that he is entitled to LTD benefits under the Plan comes too late and it surely is too little. First, Colón waived all defenses that he had or could have had by failing to respond to the complaint and allowing entry of default against him. A party in default waives all affirmative defenses that it may have had. *McKinnon v. Kwong Wah Restaurant,* 83 F.3d 498, 505 (1st Cir.1996). All defenses that a defendant may have, except those that challenge the legal sufficiency of the complaint or the court's subject matter jurisdiction, are forfeited by the entry of default. *Conetta v. National Hair Care Centers, Inc.,* 236 F.3d 67, 76 (1st Cir.2001). By defaulting, therefore, Colón forfeited his right not only to contest the facts pleaded by Met Life but to assert any affirmative defenses that he had.[3] His appearance at the show-cause hearing does not relieve him from the consequences of his default. "The mere appearance by a defaulting party will not keep him from being in default for failure to plead or otherwise defend." 10 CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE 2D: CIVIL § 2682 (1983). Second, the Court cannot entertain *de novo* Colón's claim that he is disabled. The jurisdiction of the courts on actions seeking review of out-of-court decisions denying ERISA claims is **not** plenary.

With respect specifically to an issue regarding eligibility of a claimant for benefits, precedents recognize that district courts do not have expansive plenary jurisdiction to decide the merits of a claim anew if "the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." Thus, if an ERISA out-of-court decision maker is given some discretion, the court reviews at least some (if not all) aspects of the out-of-court decision only to determine whether that decision was arbitrary and capricious.

*Recupero,* 118 F.3d at 827–28 (citations omitted). The "statutory authorization for **judicial review** of out-of-court decisions does not imply authorization for a court to expand its jurisdiction to a **plenary** authority to decide, itself, all genuinely disputable factual issues decisive of the merits of claims." *Id.,* 118 F.3d at 829. "[A] reviewing court is not authorized to make, itself, a new decision replacing every factual finding of the out-of-court decision maker that goes **to the merits** and is challenged." *Id.* (emphasis in the original). The judicial review of MetLife's decision to deny benefits to Colón, therefore, is limited to determining "whether that decision was arbitrary and capricious, which is to say 'downright unreasonable.'" *Donato v. Metropolitan Life Ins. Co.,* 19 F.3d 375, 380 (7th Cir.1994), citing *Fuller v. CBT Corp.,* 905 F.2d 1055, 1058 (7th Cir.1990). "It is, of course, the hallmark of such review that 'a court is not to substitute its judgment for that of the [decision-maker].'" *Terry v. Bayer Corp.,* 145 F.3d 28, 40 (1st Cir.1998), citing *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.,* 463 U.S. 29, 43, 103 S.Ct. 2856, 77 L.Ed.2d 443 (1983). The Court, consequently, cannot review Colón's claim *de novo* to determine whether he is in fact disabled and eligible for benefits under the Plan.

■ Issuance of the injunction sought here by MetLife is proper under Section 502(a)(3) of ERISA. Said section "specifically grants trustees of ERISA-covered plans ... a cause of action for injunctive relief when their rights and duties under ERISA are at issue, and that action is exclusively governed by federal law."

---

**3.** The record is devoid of any showing that Colón has or had any meritorious defense.

*Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust for Southern California,* 463 U.S. 1, 19–20, 103 S.Ct. 2841, 2851, 77 L.Ed.2d 420 (1983).

For the reasons stated above, judgment shall be entered declaring that MetLife has given Colón a full and fair review of his claim under ERISA and the Plan at issue in this action, and that neither ERISA nor the Plan requires MetLife to provide to Colón further administrative review of his claim.

The Court further issues a permanent injunction against the defendant, Juan Colón Rivera, enjoining him from continuing making harassing telephone calls and any other type of communication (written, oral, telephone, electronic, etc.) to MetLife and to MetLife's directors, officers, employees, attorneys, agents and representatives, and from engaging in any other conduct aimed at compelling or coercing MetLife to provide further administrative review of his claim and to award to him further benefits under the group long-term disability policy at issue in this action. **Colón is advised that failure to comply with this order shall constitute contempt of the Court.[4]**

A copy of this order and of the judgment to be entered in conformity herewith shall be served on Colón personally by a private process server designated by MetLife, and a return of service shall be promptly filed with the Court.

**IT IS SO ORDERED.**

### *JUDGEMENT*

Pursuant to the Opinion and Order issued on this same date, JUDGEMENT is hereby entered to **(1) DECLARE** that Plaintiff, Metropolitan Life Insurance Company ("MetLife"), gave Defendant, Juan Colon Rivera, a full and fair review of his claim under ERISA and the Plan at issue in this action, and that neither ERISA nor the Plan requires MetLife to provide Colon any additional review of his claim; and **(2) ENJOIN** Juan Colon Rivera from continuing making harassing and disturbing telephone calls and any other type of communication (written, oral, telephone, electronic, etc.) to Met Life and/or to Met Life's officers, directors, employees, attorneys, agents and representatives, and from engaging in any other conduct aimed at compelling or coercing Met Life to provide further administrative review of his claim and to award to him further benefits under the group long-term disability policy at issue in this action.

**IT IS SO ORDERED.**

---

4. Generally, a court may impose civil contempt sanctions pursuant to the minimal procedures of notice and an opportunity to be heard; the reason for this is that the civil contemnor may avoid the sanction by obeying the court's order. *International Union, United Mine Workers of America (UMWA) v. Bagwell,* 512 U.S. 821, 114 S.Ct. 2552, 2557, 129 L.Ed.2d 642 (1994). In contrast, " 'criminal contempt is a crime in the ordinary sense,' " *see* 114 S.Ct. at 2556 (*quoting Bloom v. Illinois,* 391 U.S. 194, 201, 88 S.Ct. 1477, 1481–82, 20 L.Ed.2d 522 (1968)), and criminal contempt sanctions may be imposed only if the court provides certain constitutional protections. 114 S.Ct. at 2556–57; *Hicks,* 485 U.S. at 632, 108 S.Ct. at 1429–30. However, "direct contempts," *i.e.,* those occurring in the court's presence, "may be immediately adjudged and sanctioned summarily." *International Union, UMWA,* 114 S.Ct. at 2557 n. 2. In such cases, the distinction between civil and criminal contempt for the purposes of required procedures, in general, is not germane. *Id.* (*citing United States v. Wilson,* 421 U.S. 309, 316, 95 S.Ct. 1802, 1806, 44 L.Ed.2d 186 (1975)); *see Wilson,* 421 U.S. at 315–19, 95 S.Ct. at 1806–08 (upholding summary criminal contempt adjudication where immediate response to direct contempt was necessary to "prevent a breakdown of the proceedings").