**DISNEY ENTERPRISES, INC., et al., Plaintiffs,**

**v.**

**AWAY DISCOUNT, et al., Defendants.**

**Civil No.: 07–1493 (DRD).**

United States District Court, D. Puerto Rico.

Sept. 20, 2010.

See also 2010 WL 3372704.

brero Arroyo d/b/a Bordados Ada, Los Angeles Gift Shop, Jesus R. Fortis Ahorrio d/b/a Mundo de Curiosidades, Rolando Rodriguez Oyola d/b/a Oscar Imports, Ana G. Acevedo Burgos d/b/a Tienda AG Little Store, Tienda Fun & Happy, Tienda La Peseta, and Torrecillas Gas Station (hereinafter collectively referred to as "Default Judgment Defendants")(the Summary Judgment Defendant and Default Judgment Defendants will collectively be referred to as "Defendants"), wherein Plaintiffs requested that the Court to award statutory .damages against the Defendants under the Copyright Act, 17 U.S.C. § 501 et seq., and Lanham Act, 15 U.S.C. § 1117(c), together with a Permanent Injunction and related relief, and after holding a damages hearing, this Court makes the following findings and rulings of law.

Arturo Diaz–Angueira, Marta L. Rivera–Ruiz, Cancio, Nadal, Rivera & Diaz, San Juan, PR, Larry Staton, Jr., Michael W.O. Holihan, Holihan Law, Maitland, FL, for Plaintiffs.

Sonia Del Mar Vega–Vazquez, Rodriguez & Rodriguez, Bayamon, PR, for Defendants.

## ORDER REGARDING DAMAGES AND PERMANENT INJUNCTION

DANIEL R. DOMINGUEZ, District Judge.

Upon consideration of Plaintiffs Disney Enterprises, Inc., Sanrio, Inc., Warner Bros. Entertainment Inc., Hanna–Barbara Productions, Inc., DC Comics, Nike, Inc. and Oakley, Inc., *Motion for Summary Judgment* against Defendant Nader Ibrahim d/b/a Tienda La Unica (hereinafter "Summary Judgment Defendant"), as well as Plaintiffs' *Motion for Default Judgment* against Defendants Hector J. Rodriguez Ramos d/b/a Away Discount, Ada L. Ca-

### PROCEDURAL HISTORY

Plaintiffs initiated the present action on June 11, 2007. Plaintiffs' *Complaint* states causes of action against the Defendants for trademark infringement, copyright infringement, and unfair competition under the laws of the United States. At that time the Plaintiffs sought a *Temporary Restraining Order, Seizure Order and Show Cause Order for Entry of Preliminary Injunction.* These motions were supported by sworn testimony from each of the Plaintiffs that they owned the exclusive rights to the trademarks and copyrighted properties identified on Exhibits A and B, as well assertions that none of the defendants named in the present action were authorized to manufacture, distribute, sell, or offer for sale merchandise bearing their trademarks and copyrighted properties. *See* Aggregate Exhibit "D" to the *Complaint,* incorporated herein by reference. Additionally, Plaintiffs provided the sworn testimony of their investigators who had purchased sample pieces of coun-

terfeit merchandise from each of the Defendants, which were attached to their declarations. *See* Aggregate Exhibit "E" to the *Complaint,* incorporated herein by reference.

Pursuant to this Court's June 14, 2007 *Order,* the U.S. Marshal's Service served the *Complaint, Temporary Restraining Order and Seizure* in this matter on Defendants named in the *Complaint* on June 16, 2007. On July 24, 2007 the Court entered a *Preliminary Injunction* against each of the Defendants. The Default Defendants never filed any answer to the *Complaint,* or otherwise defended this matter. As a result, defaults were entered against the Default Defendants on October 12, 2007, January 10, 2008 and February 14, 2008 (Docket Nos. 87, 95 and 98). On August 20, 2010, 2010 WL 3372704, this Court entered an *Order of Summary Judgment* against Nader Ibrahim d/b/a Tienda La Unica (Docket No. 202). In that order, the Court also ordered that the hearing regarding Plaintiffs' request for statutory damages be held on August 31, 2010. A hearing on statutory damages was subsequently held on September 1, 2010 [1] as to both the Summary Judgment Defendant and Default Judgment Defendants

## DEFAULT JUDGMENT

■ The Clerk of Court has entered default against Default Judgment Defendants Bordados Ada, Mundo de Curiosidades, Oscar Imports, Away Discount, Tienda AG Little Store, Tienda Fun & Happy, Los Angeles Gift Shop, Tienda La Peseta and Torrecillas Gas Station. "The default of a defendant constitutes an admission of all facts well-pleaded in the complaint." *Metropolitan Life Ins. Co. v.*

*Colon Rivera,* 204 F.Supp.2d 273, 274–75 (D.P.R.2002) (citing *Banco Bilbao Vizcaya Argentaria v. Family Rest., Inc. (In re The Home Rest., Inc.),* 285 F.3d 111, 114 (1st Cir.2002) ("a party gives up right to contest liability 'when it declines to participate in the judicial process' ")); *see also Thomson v. Wooster,* 114 U.S. 104, 110, 5 S.Ct. 788, 29 L.Ed. 105 (1985) (a default constitutes an acceptance by the party constituting a "confession of the action," accepting all well-pleaded facts of the complaint); *see also Franco v. Selective Ins. Co.,* 184 F.3d 4, 9 n. 3 (1st Cir.1999) ("[a] party who defaults is taken to have conceded the truth of the factual allegations in the complaint"); *see also Goldman, Antonetti, Ferraiuoli, Axtmayer & Hertell v. Medfit Int'l, Inc.,* 982 F.2d 686, 693 (1st Cir.1993) ("an entry of default against a defendant establishes the defendant's liability"); *see also Brockton Savings Bank v. Peat, Marwick, Mitchell & Co.,* 771 F.2d 5, 13 (1st Cir.1985) ("there is no question that, default having been entered, each of [plaintiff's] allegations of fact must be taken as true and each of its [ ] claims must be considered established as a matter of law") *cert. denied* 475 U.S. 1018, 106 S.Ct. 1204, 89 L.Ed.2d 317 (1986); *see also Eisler v. Stritzler,* 535 F.2d 148, 153 (1st Cir.1976) ("[t]he default judgment on the well-pleaded allegations in plaintiff's complaint established ... defendant's liability"); *see also Caribbean Prod. Exchg. v. Caribe Hydro–Trailer, Inc.,* 65 F.R.D. 46, 48 (D.P.R.1974) ("It is the law that once a default is entered, a defendant on default has no former standing to contest the factual allegations of plaintiff's claim for relief ... Defendant is deemed to have admitted all well pleaded allegations in the complaint. At the most, all that defendant can

**1.** The arrival of Hurricane Earl required the rescheduling of the hearing until September 1, 2010.

do is question the extent of the damages suffered by the plaintiff.") Having defaulted, the aforementioned Default Judgment Defendants thus admitted the well-pleaded facts of the complaint and these Defendants could only question the extent of the damages which Plaintiffs suffered. *See Goldman, Antonetti,* 982 F.2d at 686. Defendants failed to do so at the hearing regarding damages.

### STATUTORY DAMAGES

■ This Court has wide discretion when determining a proper statutory damages award. Plaintiffs have elected to recover statutory damages pursuant to 15 U.S.C. § 1117(c), which authorizes statutory damages of no less than $1,000 or more than $200,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just. If the Court finds that the use of the counterfeit mark was willful, the Court may award up to $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just. *Bebe Studio, Inc. v. Zakkos,* Civ. 08–1462, 2009 WL 5215374 at *3 (D.P.R. Dec. 28, 2009).

■ In applying this statute, courts have noted "[t]he 1996 Act limited its textual guidance purposefully … specifically provid[ing] for broad judicial discretion in instructing that 'as the court considers just,' it can order awards anywhere from [$1,000] to [$200,000], with the maximum increasing to [$2,000,000] for 'willful' violations." *Sara Lee Corporation v. Bags of New York, Inc.,* 36 F.Supp.2d 161, 166 (S.D.N.Y.1999). Further, the First Circuit has held that "[s]tatutory damages are not meant to be merely compensatory or restitutionary. The statutory award is also meant to discourage wrongful conduct. That is why the statute permits consideration of … additional damages where an

infringement is willful." *Venegas–Hernandez v. Sonolux Records,* 370 F.3d 183, 195 (1st Cir.2004). The *Sara Lee* court also noted that courts should look to the long history of application of statutory damages under the Copyright Act. *Id.*; *see Polo Ralph Lauren, L.P. v. 3M Trading Co., Inc.,* Civ. 97–4824, 1999 WL 33740332 at *4–5 (S.D.N.Y. March 23, 1999); *see also Louis Vuitton Malletier & Oakley, Inc. v. Veit,* 211 F.Supp.2d 567, 583 (E.D.Pa.2002); *see also Commercial Law League of America, Inc. v. George, Kennedy & Sullivan, LLC,* Civ. 07–0315, 2007 WL 2710479 at *3 (S.D.Tx., 2007) ("courts have found guidance in an analogous statutory damages provision in the Copyright Act, 17 U.S.C. § 504(c)").

■ Pursuant to 17 U.S.C. § 504, a successful plaintiff in a copyright infringement action is entitled to the defendant's profits or to the plaintiffs damages or, in the alternative, statutory damages. A copyright owner has the sole election to demand statutory damages. Moreover, statutory damages are awarded per copyrighted work infringed in an amount not less than $750 and not greater than $30,000. *See* 17 U.S.C. § 504(c)(1). Further, if the court finds that the defendant willfully infringed the plaintiffs' copyrights, the court, at its discretion, may raise the statutory award to $150,000 per work infringed. 17 U.S.C. § 405(c)(2).

■ Under the Copyright Act, a court must calculate statutory damages according to the number of separately copyrightable works infringed and not on the number of infringements as:

> Under § 504(c) the total number of "awards" of statutory damages that a plaintiff may recover in any given action against a single defendant depends on the number of works that are infringed and the number of individually · liable

infringers and is unaffected by the number of infringements of those works.

*Venegas–Hernandez v. Sonolux Records,* 370 F.3d 183, 192–93 (1st Cir.2004) (quoting *Mason v. Montgomery Data, Inc.,* 967 F.2d 135, 143–44 (5th Cir.1992)).

This Court has already determined the issue of liability and conducted a damages hearing in order to determine the specific monetary amount that was to be assessed to each Defendant. Plaintiffs indicated that they were aware of the prior decision in the case of *Video Café, Inc. TVKO, Inc. v. Fulano de Tal d/b/a Negocio I,* 961 F.Supp. 23, 42 U.S.P.Q.2d (BNA) 1633 (D.P.R.1997), which held that differences between the actions of various defendants may place them at varying levels of culpability for purposes of imposing statutory damages. With this in mind, Plaintiffs divided Defendants into two groups. The first group of Defendants includes those selling or trafficking in the largest quantities of counterfeit merchandise, manufacturing counterfeit merchandise, or those who are recidivists who have been repeatedly identified in these types of actions as trafficking in counterfeit goods. This group of Defendants has been classified as Wholesalers. The remaining Defendants were classified as Retailers, which was determined by the size of the operation as well as the amount of counterfeit merchandise seized. The evidence supporting these conclusions was included in the seizure inventory forms for each Defendant, the declarations of Plaintiffs' investigators attached as Exhibit "D" to the *Complaint,* and/or Plaintiffs' counsel's declaration which lists prior actions in which the recidivist defendants have been previously identified as selling counterfeit merchandise. *See Complaint,* Exhibit "F".

The Court heard testimony from the Plaintiffs' investigator, Jose Morrero (hereinafter referred to as "Investigator Morrero"), through which the Plaintiffs presented seizure inventories as well as photographic evidence of seized merchandise. *See* attached Plaintiffs' Exhibit List referred to as Exhibit 1 to this Order. The testimony of Investigator Morrero included the types of merchandise seized at each Defendant's location, a detailed description of the location, Investigator Morrero's past experience with each Defendant in reference to their classification as a Wholesaler or a Retailer and, finally, the specific copyrights and trademarks that were infringed by each of the Defendants. An Index of Plaintiffs' copyrighted properties and trademarks is attached to the Permanent Injunction as Exhibit 2. After an evaluation of each individual Defendant's liability, and after hearing the testimony of Mr. Morrero and argument of counsel, the following statutory damages are hereby awarded:

IT IS ORDERED that judgment shall be entered against these Defendants and in favor of the Plaintiffs as specified below:

1. Nader Ibrahim d/b/a Tienda la Unica—WHOLESALER

To Disney Enterprises, Inc.

For violation of its "Winnie the Pooh" copyright, pursuant to 17 U.S.C. § 504     $ 10,000.00

For violation of its "Winnie the Pooh" trademark, pursuant to 15 U.S.C. § 1117(c)(1) and (2)     $ 75,000.00

To Sanrio, Inc.

For violation of its "Hello Kitty" copyright, pursuant to 17 U.S.C. § 504    $ 10,000.00

For violation of its "Hello Kitty" trademark, pursuant to 15 U.S.C. · § 1117(c)(1) and (2)    $ 75,000.00

To Warner Bros. Entertainment Inc.

For violation of its "Tweety" trademark, pursuant to 15 U.S.C. § 1117(c)(1) and (2)    $ 75,000.00

To DC Comics

For violation of its "Superman" trademark, pursuant to 15 U.S.C. § 1117(c)(1) and (2)    $ 75,000.00

To Nike, Inc.

For violation of its "Nike" trademark, pursuant to 15 U.S.C. § 1117(c)(1) and (2)    $ 75,000.00

To Oakley, Inc.

For violation of its stylized "O" trademark, pursuant to 15 U.S.C. § 1117(c)(1) and (2)    $ 75,000.00

**Total Judgment entered against Nader Ibrahim d/b/a Tienda la Unica**    **$470,000.00**

2.  Ada L. Cabrero Arroyo d/b/a Bordados
    Ada—WHOLESALER

To Disney Enterprises, Inc.

For violation of its "Winnie the Pooh" copyright, pursuant to 17 U.S.C. § 504    $ 10,000.00

For violation of its "Tigger" copyright, pursuant to 17 U.S.C. § 504    $ 10,000.00

For violation of its "Winnie the Pooh" trademark pursuant to 15 U.S.C. § 1117(c)(1) and (2)    $ 75,000.00

For violation of its "Tigger" trademark pursuant to 15 U.S.C. § 1117(c)(1) and (2)    $ 75,000.00

For violation of its "Roo" trademark pursuant to 15 U.S.C. § 1117(c)(1) and (2)    $ 75,000.00

For violation of its "Piglet" trademark pursuant to 15 U.S.C. § 1117(c)(1) and (2)    $ 75,000.00

**Total Judgment entered against Ada L. Cabrero Arroyo d/b/a Bordados Ada**    **$320,000.00**

3.  Jesus R. Fortis Ahorrio d/b/a Mundo
    de Curiosidades—WHOLESALER

To Disney Enterprises, Inc.

| | |
|---|---|
| For violation of its "Finding Nemo" copyright, pursuant to 17 U.S.C. § 504 | $ 10,000.00 |
| For violation of its "Mickey Mouse" copyright, pursuant to 17 U.S.C. § 504 | $ 10,000.00 |
| For violation of its "Minnie Mouse" copyright, pursuant to 17 U.S.C. § 504 | $ 10,000.00 |
| For violation of its "Disney Princess" copyright, pursuant to 17 U.S.C. § 504 | $ 10,000.00 |
| For violation of its "Winnie the Pooh" copyright, pursuant to 17 U.S.C. § 504 | $ 10,000.00 |
| For violation of its "Tinkerbell" copyright, pursuant to 17 U.S.C. § 504 | $ 10,000.00 |
| For violation of its "Finding Nemo" trademark pursuant to 15 U.S.C. § 1117(c)(1) and (2) | $ 75,000.00 |
| For violation of its "Mickey Mouse" trademark pursuant to 15 U.S.C. § 1117(c)(1) and (2) | $ 75,000.00 |
| For violation of its "Minnie Mouse" trademark pursuant to 15 U.S.C. § 1117(c)(1) and (2) | $ 75,000.00 |
| For violation of its "Disney Princess" trademark pursuant to 15 U.S.C. § 1117(c)(1) and (2) | $ 75,000.00 |
| For violation of its "Winnie the Pooh" trademark pursuant to 15 U.S.C. § 1117(c)(1) and (2) | $ 75,000.00 |
| For violation of its "Tinkerbell" trademark pursuant to 15 U.S.C. § 1117(c)(1) and (2) | $ 75,000.00 |

To Sanrio, Inc.

| | |
|---|---|
| For violation of its "Hello Kitty" copyright, pursuant to 17 U.S.C. § 504 | $ 10,000.00 |
| For violation of its "Hello Kitty" trademark pursuant to 15 U.S.C. § 1117(c)(1) and (2) | $ 75,000.00 |

To Warner Bros. Entertainment Inc.

| | |
|---|---|
| For violation of its "Tweety" trademark pursuant to 15 U.S.C. § 1117(c)(1) and (2) | $ 75,000.00 |

To Hanna–Barbera Productions, Inc.

| | |
|---|---|
| For violation of its "Scooby–Doo" trademark pursuant to 15 U.S.C. § 1117(c)(1) and (2) | $ 75,000.00 |

To DC Comics

| | |
|---|---|
| For violation of its "Superman" trademark pursuant to 15 U.S.C. § 1117(c)(1) and (2) | $ 75,000.00 |
| For violation of its "S logo" trademark pursuant to 15 U.S.C. § 1117(c)(1) and (2) | $ 75,000.00 |

**Total Judgment entered against Jesus R. Fortis Ahorrio d/b/a Mundo de Curiosidades**      $895,000.00

4.   Rolando Rodriguez Oyola d/b/a Oscar Imports—WHOLESALER

To Warner Bros. Entertainment Inc.

For violation of its "Tweety" trademark pursuant to 15 U.S.C. § 1117(c)(1) and (2)      $ 75,000.00

To Nike, Inc.

For violation of its "Nike" trademark pursuant to 15 U.S.C. § 1117(c)(1) and (2)      $ 75,000.00

For violation of its "Swoosh" trademark pursuant to 15 U.S.C. § 1117(c)(1) and (2)      $ 75,000.00

To Oakley, Inc.

For violation of its "Oakley" trademark pursuant to 15 U.S.C. § 1117(c)(1) and (2)      $ 75,000.00

For violation of its stylized "O" trademark pursuant to 15 U.S.C. § 1117(c)(1) and (2)      $ 75,000.00

To Sanrio, Inc.

For violation of its "Hello Kitty" copyright, pursuant to 17 U.S.C. § 504      $ 10,000.00

For violation of its "Hello Kitty" trademark pursuant to 15 U.S.C. § 1117(c)(1) and (2)      $ 75,000.00

**Total Judgment entered against Rolando Rodriguez Oyola d/b/a Oscar Imports**      $460,000.00

5.   Hector J. Rodriguez Ramos d/b/a Away Discount—RETAILER

To Disney Enterprises, Inc.

For violation of its "Mickey Mouse" copyright, pursuant to 17 U.S.C. § 504      $ 5,000.00

For violation of its "Minnie Mouse" copyright, pursuant to 17 U.S.C. § 504      $ 5,000.00

For violation of its "Winnie the Pooh" copyright, pursuant to 17 U.S.C. § 504      $ 5,000.00

For violation of its "Disney Princess" copyright, pursuant to 17 U.S.C. § 504      $ 5,000.00

For violation of its "Cars" copyright, pursuant to 17 U.S.C. § 504      $ 5,000.00

For violation of its "Tinkerbell" copyright, pursuant to 17 U.S.C. § 504      $ 5,000.00

For violation of its "Pluto" copyright, pursuant to 17 U.S.C. § 504      $ 5,000.00

| | |
|---|---|
| For violation of its "Cars" trademark Pursuant to 15 U.S.C. § 1117(c)(1) and (2) | $ 10,000.00 |
| For violation of its "Disney Princess" trademark pursuant to 15 U.S.C. § 1117(c)(1) and (2) | $ 10,000.00 |
| For violation of its "Mickey Mouse" trademark pursuant to 15 U.S.C. § 1117(c)(1) and (2) | $ 10,000.00 |
| For violation of its "Minnie Mouse" trademark pursuant to 15 U.S.C. § 1117(c)(1) and (2) | $ 10,000.00 |
| For violation of its "Tinkerbell" trademark pursuant to 15 U.S.C. § 1117(c)(1) and (2) | $ 10,000.00 |
| For violation of its "Pluto" trademark pursuant to 15 U.S.C. § 1117(c)(1) and (2) | $ 10,000.00 |
| For violation of its "Winnie the Pooh" trademark pursuant to 15 U.S.C. § 1117(c)(1) and (2) | $ 10,000.00 |

To Sanrio, Inc.

| | |
|---|---|
| For violation of its "Hello Kitty" copyright, pursuant to 17 U.S.C. § 504 | $ 5,000.00 |
| For violation of its "Hello Kitty" trademark pursuant to 15 U.S.C. § 1117(c)(1) and (2) | $ 10,000.00 |

To Warner Bros. Entertainment Inc.

| | |
|---|---|
| For violation of its "Tweety" trademark pursuant to 15 U.S.C. § 1117(c)(1) and (2) | $ 10,000.00 |

To DC Comics

| | |
|---|---|
| For violation of its "Batman" trademark Pursuant to 15 U.S.C. § 1117(c)(1) and (2) | $ 10,000.00 |
| **Total Judgment entered against Hector J. Rodriguez Ramos d/b/a Away Discount** | **$140,000.00** |

6.  Ana G. Acevedo Burgos d/b/a Tienda
    AG Little Store—RETAILER

To Disney Enterprises, Inc.

| | |
|---|---|
| For violation of its "Cars" copyright, pursuant to 17 U.S.C. § 504 | $ ·5,000.00 |
| For violation of its "Tinkerbell" copyright, pursuant to 17 U.S.C. § 504 | $ 5,000.00 |
| For violation of its "Disney Princess" copyright, pursuant to 17 U.S.C. § 504 | $ 5,000.00 |
| For violation of its "Snow White" copyright, pursuant to 17 U.S.C. § 504 | $ 5,000.00 |
| For violation of its "Winnie the Pooh" copyright, pursuant to 17 U.S.C. § 504 | $ 5,000.00 |

| | |
|---|---|
| For violation of its "Tigger" copyright, pursuant to 17 U.S.C. § 504 | $ 5,000.00 |
| For violation of its "Finding Nemo" copyright, pursuant to 17 U.S.C. § 504 | $ 5,000.00 |
| For violation of its "Cars" trademark pursuant to 15 U.S.C. § 1117(c)(1) and (2) | $ 10,000.00 |
| For violation of its "Tinkerbell" trademark pursuant to 15 U.S.C. § 1117(c)(1) and (2) | $ 10,000.00 |
| For violation of its "Disney Princess" trademark pursuant to 15 U.S.C. § 1117(c)(1) and (2) | $ 10,000.00 |
| For violation of its "Snow White" trademark pursuant to 15 U.S.C. § 1117(c)(1) and (2) | $ 10,000.00 |
| For violation of its "Winnie the Pooh" trademark pursuant to 15 U.S.C. § 1117(c)(1) and (2) | $ 10,000.00 |
| For violation of its "Tigger" trademark pursuant to 15 U.S.C. § 1117(c)(1) and (2) | $ 10,000.00 |
| For violation of its "Finding Nemo" trademark pursuant to 15 U.S.C. § 1117(c)(1) and (2) | $ 10,000.00 |

To Warner Bros. Entertainment Inc.

| | |
|---|---|
| For violation of its "Tweety" trademark pursuant to 15 U.S.C. § 1117(c)(1) and (2) | $ 10,000.00 |

To Sanrio, Inc.

| | |
|---|---|
| For violation of its "Hello Kitty" copyright, pursuant to 17 U.S.C. § 504 | $ 5,000.00 |
| For violation of its "Hello Kitty" trademark pursuant to 15 U.S.C. § 1117(c)(1) and (2) | $ 10,000.00 |
| **Total Judgment entered against Ana G. Acevedo Burgos d/b/a Tienda AG Little Store** | **$130,000.00** |

7.   Tienda Fun & Happy—RETAILER

To Disney Enterprises, Inc.

| | |
|---|---|
| For violation of its "Winnie the Pooh" copyright, pursuant to 17 U.S.C. § 504 | $ 5,000.00 |
| For violation of its "Tigger" copyright, pursuant to 17 U.S.C. § 504 | $ 5,000.00 |
| For violation of its "Tinkerbell" copyright, pursuant to 17 U.S.C. § 504 | $ 5,000.00 |
| For violation of its "Disney Princess" copyright, pursuant to 17 U.S.C. § 504 | $ 5,000.00 |
| For violation of its "Cars" copyright, pursuant to 17 U.S.C. § 504 | $ 5,000.00 |

| | |
|---|---|
| For violation of its "Winnie the Pooh" trademark pursuant to 15 U.S.C. § 1117(c)(1) and (2) | $ 10,000.00 |
| For violation of its "Tigger" trademark pursuant to 15 U.S.C. § 1117(c)(1) and (2) | $ 10,000.00 |
| For violation of its "Eeyore" trademark pursuant to 15 U.S.C. § 1117(c)(1) and (2) | $ 10,000.00 |
| For violation of its "Piglet" trademark pursuant to 15 U.S.C. § 1117(c)(1) and (2) | $ 10,000.00 |
| For violation of its "Tinkerbell" trademark pursuant to 15 U.S.C. § 1117(c)(1) and (2) | $ 10,000.00 |
| For violation of its "Disney Princess" trademark pursuant to 15 U.S.C. § 1117(c)(1) and (2) | $ 10,000.00 |
| For violation of its "Cars" trademark pursuant to 15 U.S.C. § 1117(c)(1) and (2) | $ 10,000.00 |

To Sanrio, Inc.

| | |
|---|---|
| For violation of its "Hello Kitty" copyright, pursuant to 17 U.S.C. § 504 | $  5,000.00 |
| For violation of its "Hello Kitty" trademark pursuant to 15 U.S.C. § 1117(c)(1) and (2) | $ 10,000.00 |
| **Total Judgment entered against Tienda Fun & Happy** | **$110,000.00** |

8.   Los Angeles Gift Shop—RETAILER

To Disney Enterprises, Inc.

| | |
|---|---|
| For violation of its "Snow White" copyright, pursuant to 17 U.S.C. § 504 | $ 5,000.00 |
| For violation of its "Cars" Copyright pursuant to 17 U.S.C. § 504 | $ 5,000.00 |
| For violation of its "Snow White" trademark pursuant to 15 U.S.C. § 1117(c)(1) and (2) | $10,000.00 |
| For violation of its "Cars" trademark pursuant to 15 U.S.C. § 1117(c)(1) and (2) | $10,000.00 |

To Sanrio, Inc.

For violation of its "Hello Kitty" copyright, pursuant to 17 U.S.C. § 504 $5,000.00

| | |
|---|---|
| For violation of its "Hello Kitty" trademark pursuant to 15 U.S.C. § 1117(c)(1) and (2) | $10,000.00 |

To Warner Bros. Entertainment Inc.

| | |
|---|---|
| For violation of its "Tweety" trademark pursuant to 15U.S.C. § 1117(c)(1) and (2) | $10,000.00 |

To DC Comics

For violation of its "Batman" trademark pursuant to 15U.S.C. § 1117(c)(1) and (2) — $10,000.00

To Nike, Inc.

For violation of its "Nike" trademark pursuant to 15 U.S.C. § 1117(c)(1) and (2) — $10,000.00

For violation of its "Swoosh" trademark pursuant to 15 U.S.C. § 1117(c)(1) and (2) — $10,000.00

**Total Judgment entered against Los Angeles Gift Shop** — **$85,000.00**

9. Tienda La Peseta—RETAILER

To Sanrio, Inc.

For violation of its "Hello Kitty" copyright, pursuant to 17 U.S.C. § 504 — $ 5,000.00

For violation of its "Hello Kitty" trademark pursuant to 15 U.S.C. § 1117(c)(1) and (2) — $10,000.00

To Nike, Inc.

For violation of its "Nike" trademark pursuant to 15 U.S.C. § 1117(c)(1) and (2) — $10,000.00

For violation of its "Swoosh" trademark pursuant to 15 U.S.C. § 1117(c)(1) and (2) — $10,000.00

**Total Judgment entered against Tienda La Peseta** — **$35,000.00**

10. Torrecillas Gas Station—RETAILER

To Disney Enterprises, Inc.

For violation of its "Mickey Mouse" copyright, pursuant to 17 U.S.C. § 504 — $ 5,000.00

For violation of its "Minnie Mouse" copyright, pursuant to 17 U.S.C. § 504 — $ 5,000.00

For violation of its "Mickey Mouse" trademark pursuant to 15 U.S.C. § 1117(c)(1) and (2) — $10,000.00

For violation of its "Minnie Mouse" trademark pursuant to 15 U.S.C. § 1117(c)(1) and (2) — $10,000.00

To Nike, Inc.

For violation of its "Nike" trademark pursuant to 15 U.S.C. § 1117(c)(1) and (2) — $10,000.00

For violation of its "Swoosh" trademark pursuant to 15 U.S.C. § 1117(c)(1) and (2) — $10,000.00

**Total Judgment entered against Torrecillas Gas Station** — **$50,000.00**

IT IS FURTHER ORDERED that:

A Permanent Injunction is entered against Defendants Nader Ibrahim d/b/a Tienda la Unica, Hector J. Rodriguez Ramos d/b/a Away Discount, Ada L. Cabrero Arroyo d/b/a Bordados Ada, Los Angeles Gift Shop, Jesus R. Fortis Ahorrio d/b/a Mundo de Curiosidades, Rolando Rodriguez Oyola d/b/a Oscar Imports, Ana G. Acevedo Burgos d/b/a Tienda AG Little Store, Tienda Fun & Happy, Tienda La Peseta, and Torrecillas Gas Station, pursuant to Fed. R.Civ.P. 65, forever enjoining these Defendants, their officers, agents, servants, employees, and attorneys and upon those persons in active concert or participation with them:

a. From manufacturing, procuring, distributing shipping, retailing, selling, advertising or trafficking, in any merchandise, including apparel, sunglasses, bags, jewelry, toys and/or related merchandise, not authorized by Plaintiffs, bearing unauthorized simulations, reproductions, counterfeits, copies or colorable imitations of Plaintiffs' Trademarks, or bearing a design or image which is of a substantially similar appearance to Plaintiffs' copyrights listed on Exhibit "A" to the *Complaint* and attached here as Exhibit "2";

b. From passing off, inducing, or enabling others to sell or pass off as authentic products produced by Plaintiffs or otherwise authorized by Plaintiffs, or any product not manufactured by Plaintiffs or produced under the control or supervision of Plaintiffs and approved by Plaintiffs, which utilized any of Plaintiffs' trademarks or copyrights listed on Exhibit "A" to the *Complaint* and attached here as Exhibit "2";

c. From committing any act calculated to cause purchasers to believe that Defendants' products are those sold under the control and supervision of Plaintiffs, or are sponsored, approved, or guaranteed by Plaintiffs, or are connected with and produced under the control or supervision of Plaintiffs;

d. From further diluting and infringing Plaintiffs trademarks and copyrights and damaging their goodwill;

e. From causing, aiding, and/or abetting any other person from doing

IT IS FURTHER ORDERED that all counterfeit merchandise seized from the above noted Defendants pursuant to this Court's June 14, 2007 *Order*, and currently in Plaintiffs' control may be destroyed or otherwise disposed of as Plaintiffs deem appropriate no sooner than 120 days from entry of this *Order* and no later than 150 days from entry of this *Order*.

IT IS FURTHER ORDERED that the bond filed by Plaintiffs in the amount of $75,000,000 as required by the Court's June 14, 2007 *Order* is hereby fully discharged.

IT IS FURTHER ORDERED

That this Court shall retain jurisdiction of this action for the purposes of enforcing the provisions of the Permanent Injunction and Order by way of contempt or otherwise.

Judgment shall be entered accordingly as to each Defendant.

**IT IS SO ORDERED.**

### EXHIBIT "1"

### UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF
PUERTO RICO

*DISNEY ENTERPRISES, INC. ET AL*

EXHIBIT "1"—Continued

EXHIBIT "1"—Continued

V.

PLAINTIFFS' EXHIBIT LIST

*AWAY DISCOUNT, ET AL*

CV. 07–1493(DRD)

| PRESIDING JUDGE | | | | PLAINTIFFS' ATTORNEYS | DEFENDANTS' ATTORNEYS |
|---|---|---|---|---|---|
| Bruce J. McGiverin, U.S. Magistrate Judge | | | | Michael Holihan Marta Rivera-Ruiz Hailey Peterson | (None) |
| (TYPE OF HEARING) | | | | COURT REPORTER | COURTROOM DEPUTY |
| Hearing in Default to Assess Damages held on 8/31/2010 | | | | Yvette Richardson | Jyoti Mehta-López |
| PLTF NO. | DATE OFFERED | MARKED IO | ADMITTED EXH. | DESCRIPTION OF EXHIBIT | |
| 1 | 8/31/10 | EXH | 8/31/10 | Seizure Inventory - Tienda La Única | |
| 2 | 8/31/10 | EXH | 8/31/10 | Photos of Items seized - Tienda La Única | |
| 3 | 8/31/10 | EXH | 8/31/10 | Photos of Items Bordados Ada | |
| 4 | 8/31/10 | EXH | 8/31/10 | Seizure Inventory - Mundo de Curiosidades | |
| 5 | 8/31/10 | EXH | 8/31/10 | Photos of Items seized - Mundo de Curiosidades | |
| 6 | 8/31/10 | EXH | 8/31/10 | Seizure Inventory - Oscar Import | |
| 7 | 8/31/10 | EXH | 8/31/10 | Seizure Inventory - Away Discount | |
| 8 | 8/31/10 | EXH | 8/31/10 | Seizure Inventory - Little Store | |
| 9 | 8/31/10 | EXH | 8/31/10 | Seizure Inventory - Tienda Fun and Happy | |
| 10 | 8/31/10 | EXH | 8/31/10 | Seizure Inventory - Los Angeles Gift Shop | |
| 11 | 8/31/10 | EXH | 8/31/10 | Seizure Inventory - Tienda La Peseta | |
| 12 | 8/31/10 | EXH | 8/31/10 | Seizure Inventory - Torrecillas Gas Station | |

EXHIBIT "1"—Continued

* Exhibits are at the Clerk's Office.

* Include a notation as to the location of any exhibit not held with the case file or not available because of size.

EXHIBIT "2"

COPYRIGHT REGISTRATIONS

Plaintiff: SANRIO COMPANY, LTD.

| TITLE | COPYRIGHT NO. | REGISTRATION DATE |
|---|---|---|
| Bad Badtz Maru Graphic Artwork | VA 811 440 | February 4, 1997 |
| Hello Kitty Graphic Artwork | VA 130 420 | December 2, 1982 |
| KeroKeroKeroppi Sticker Book | VA 636 579 | May 25, 1994 |
| Little Twin Stars Stickers | VA 246 421 | December 15, 1986 |

EXHIBIT "2"—Continued

| | | |
|---|---|---|
| Monkichi Graphic Artwork | VA 840 495 | February 4, 1997 |
| My Melody Graphic Artwork | VA 130 419 | December 2, 1982 |
| Patty & Jimmy Graphic Artwork | VA 130 421 | December 2, 1982 |
| Pekkle Graphic Artwork | VA 636 582 | May 25, 1994 |
| Picke Bicke Graphic Artwork | VA 840 496 | February 4, 1972 |
| Pochacco Sticker Book | **VA 636 580** | May 25, 1994 |
| Tuxedo Sam Stickers | VA 148 625 | February 21, 1984 |
| Winkipinki Graphic Artwork | VA 840 494 | February 4, 1997 |
| Zashikibuta Stickers | VA 636 581 | May 25, 1994 |

Plaintiff: THE WALT DISNEY COMPANY

| TITLE | COPYRIGHT NO. | REGISTRATION DATE |
|---|---|---|
| "Steamboat Willie" | MP 2124 | November 21, 1928 |
| "Steamboat Willie" | R 162021 | December 22, 1955 |
| Mickey Mouse | GP 80183 | February 17, 1972 |
| Mickey Mouse | VA 58–937 | September 15, 1998 |
| Minnie Mouse as a character in "Steamboat Willie" | MP 2124 | November 21, 1928 |
| Minnie Mouse | GP 80191 | February 17, 1972 |
| Minnie Mouse | VA 58–938 | September 15, 1980 |
| Donald Duck as a character in "The Wise Little Hen— Wait Disney's Silly Symphony" | MI 4802 | May 31, 1934 |
| Donald Duck as a character in "The Wise Little Hen— Walt Disney's Silly Symphony" | R 277811 | June 19, 1961 |
| Donald Duck | GP 80184 | August 8, 1972 |
| Donald and Daisy | VA 58–935 | September 15, 1980 |
| Goofy as a character in "Mickey's Review" | MI–3342 | May 30, 1932 |
| Goofy | R 237770 | June 8, 1959 |
| Goofy | GP 80187 | February 17, 1972 |
| Goofy | VA 58–936 | September 15, 1980 |

EXHIBIT "2"—Continued

| | | |
|---|---|---|
| "Aladdin" | PA 583–905 | June 15, 1909 |
| "Beauty and the Beast" | PA 542 647 | November 20, 1991 |
| Daisy Duck in "Don Donald" | | |
| Daisy Duck | GP 81520 | November 8, 1972 |
| Daisy Duck | VA 58–933 | September 15, 1980 |
| "The Lion King" | PA 659–979 | June 20, 1994 |
| "The Little Mermaid" | PA 431–543 | November 17, 1989 |
| Pluto as a character in "The Chain Gang" | M1906 | September 8, 1930 |
| Pluto "The Chain Gang" | R 204524 | December 16, 1957 |
| Pluto | GP 80192 | February 17, 1972 |
| Pocahontas Style Guide | VA 690–928 | January 12, 1995 |
| "Snow White and the Seven Dwarfs" | LP 7689 | |
| "Who Framed Roger Rabbit" Licensing Kit | VA 272 999 | August 10, 1987 |
| "Hercules" | PA 670–961 | July 15, 1997 |
| "The Hunchback of Notre Dame" | PA 795–221 | July 11, 1996 |
| "101 Dalmatians" | PA 789–990 | December 11, 1996 |
| "One Hundred and One Dalmatians" | RE 370–901 | January 21, 1998 |
| "One Hundred and One Dalmatians" | LP 18715 | November 18, 1960 |
| "Winnie The Pooh" Licensing Kit | VA 242 333 | October 31, 1996 |
| "Winnie The Pooh" | GP 81528 | October 31 1992 |
| "Toy Story" | PA 765–713 | December 20, 1995 |
| "Toy Story" Style Guide | VA 735–197 | August 28, 1995 |
| "A Bug's Life" | PA 901–890 | December 30, 1998 |
| "A Bug's Life" Style Guide | VA 875–986 | March 12, 1998 |
| "Mulan" | PA 799–025 | July, 7, 1998 |
| "Mulan" Style Guide | VA 849–510 | September 29, 1997 |

**EXHIBIT "2"**—Continued

| | | |
|---|---|---|
| "Tarzan" | PA 939–561 | July 30, 1999 |
| "Tarzan" Style Guide | VA 949–479 | November 5, 1998 |
| "Monsters, Inc." | VA 999–982 | December 15, 2000 |
| "The Emperor's New Groove" | VA 999–573 | June 19, 2000 |
| "Lilo and Stitch" | VA1–094–896 | August 2, 2001 |
| Tinker Bell—Style Guide | VA 1–110–867 | October 17, 2001 |
| The Disney Princess Branding Guide 2002–2004 | X 5–520–621 | April 23, 2002 |
| Finding Nemo—Spring 2003 Style Guide | VA 1–162–469 | September 11, 2002 |
| Cars—Style Guide | VA 1–320–323 | March 2, 2005 |

Plaintiff: HANNA–BARBERA

| TITLE | COPYRIGHT NO. | REGISTRATION DATE |
|---|---|---|
| Scooby and Scrappy Doo Collection and model artwork | VAU 56–801 | December 27, 1983 |
| The Scooby Doo Show Collection | VAU 54–303 | December 12, 1983 |
| "Scooby's All–Stars | PA 320 830 | September 22, 1986 |

**TRADEMARK REGISTRATIONS**

Plaintiff: SANRIO COMPANY, LTD.

| MARK | REGISTRATION NUMBER | DATE OF ISSUANCE | CLASS |
|---|---|---|---|
| Hello Kitty (rep.) | 1,200,083 | July 6, 1982 | 16 |
| Hello Kitty (rep.) | 1,200,083 | July 6, 1982 | 18 |
| Hello Kitty (rep.) | 1,277,721 | May 15, 1984 | 16 |
| Hello Kitty (rep.) | 1,277,721 | May 15, 1984 | 18 |
| Hello Kitty (words) | 1,215,436 | November 9, 1982 | 16 |
| Hello Kitty (words) | 1,215,436 | November 9, 1982 | 18 |
| Hello Kitty (words) | 1,279,486 | May 29, 1984 | 16 |
| Hello Kitty (words) | 1,279,486 | May 29, 1984 | 18 |

Plaintiff: DISNEY ENTERPRISES, INC.

| MARK | REGISTRATION NUMBER | DATE OF ISSUANCE | CLASS |
|---|---|---|---|
| "Mickey's Kitchen" and Design | 1,674,655 | February 4, 1992 | 42 |
| "Mickey Mouse" | 313,765 | August 23, 1994 | 38 |
| "Mickey Mouse" | 1,857,626 | October 11, 1997 | 14 |
| "Mouse Ears Design" | 1,524,601 | February 14, 1989 | 25 |
| "Donald Duck" | 1,161,868 | July 21, 1981 | 16 |
| Mickey Mouse | 2,704,887 | April 8, 2003 | 9, 16, 18, 20, 21, 24, 25, 28 |

EXHIBIT "2"—Continued

| Mark | Registration Number | Date of Issuance | Class |
|---|---|---|---|
| Minnie Mouse | 2,700,619 | March 25, 2003 | 9, 16, 18, 20, 21, 24, 25, 28, 30 |
| Pluto | 2,707,323 | April 15, 2003 | 9, 16, 18, 21, 24, 25, 28, 30 |
| "Disney" | 3,088,198 | May 2, 2006 | 25 |
| "Walt Disney World" | 3,066,604 | March 7, 2006 | 20 |
| "Walt Disney World" | 1,189,727 | February 16, 1982 | 6, 9, 11, 16, 18, 20, 21, 41, 42 |
| Mickey Mouse | 2,781,641 | November 11,2003 | 25 |
| Donald Duck | 2,700,620 | March 25, 2003 | 9, 16, 18, 20, 21, 24, 25, 28, 30 |
| Daisy Duck | 2,704,890 | April 8, 2003 | 9, 16, 18, 20, 21, 24, 25, 28, 30 |
| Goofy | 2,721,608 | June 3, 2003 | 9, 16, 18, 20, 21, 24, 25, 28, 30 |
| Lady and the Tramp | 2,897,511 | October 26, 2004 | 3, 9, 14, 16, 18, 21, 24, 25, 28, 30 |
| Cinderella | 3,057,988 | February 7, 2006 | 9, 14, 16, 18, 21, 24, 25, 28, 30 |
| Walt Disney's Alice In Wonderland | 2,895,968 | August 9, 2005 | 3, 9, 14, 16, 18, 21, 24, 25, 28, 30 |
| Snow White | 2,891,463 | May 17, 2005 | 3, 9, 14, 16, 18, 21, 24, 25, 28, |
| Finding Nemo | 2,913,697 | December 21, 2004 | 14 |
| Cars | 3,166,826 | October 31, 2006Z | 21 |
| Cars | 3,166,829 | October 31, 2006 | 25 |
| Cars | 3,178,664 | November 28, 2006 | 28 |
| "Disney's Beauty and the Beast" | 2,870,954 | August 10, 2004 | 25 |

Plaintiff: TIME WARNER ENTERTAINMENT COMPANY, LP.

| MARK | REGISTRATION NUMBER | DATE OF ISSUANCE | CLASS |
|---|---|---|---|
| Looney Tunes Characters with WB | 1,513,686 | November 22, 1998 | 25 |
| Looney Tunes Characters with WB | 1,081,450 | January 10, 1978 | 3, 25 |
| Tweety | 1,306,114 | November 20, 1984 | 25 |
| "Tweety" | 1,302,779 | October 30, 1984 | 25 |
| "Tweety" | 1,869,692 | December 27, 1994 | 25 |

EXHIBIT "2"—Continued

| | | | |
|---|---|---|---|
| Tweety | 1,872,569 | January 10, 1995 | 25 |
| "Bugs Bunny" | 1,872,919 | January 17, 1995 | 25 |
| "Bugs Bunny" | 1,872,565 | January 10, 1995 | 25 |
| "Taz" | 2,310,049 | January 20, 1998 | 25 |
| Sylvester | 1,873,921 | January 17, 1995 | 25 |
| "Sylvester" | 1,872,567 | January 10, 1995 | 25 |
| Road Runner | 1,872,562 | January 10, 1995 | 25 |
| Road Runner and "Road Runner" | 2,157,957 | May 19, 1998 | 25 |
| Marvin the Martian | 1,872,564 | January 10, 1995 | 25 |
| "Marvin the Martian" | 1,872,563 | January 10, 1995 | 25 |
| Daffy Duck | 1,879,823 | February 21, 1995 | 25 |
| "Daffy Duck" | 1,873,922 | January 17, 1995 | 25 |
| Wile E. Coyote | 1,868,427 | December 20, 1994 | 25 |
| "Wile E. Coyote" | 1,872,581 | January 10, 1995 | 25 |
| Yosemite Sam | 1,872,566 | January 10, 1995 | 25 |
| "Yosemite Sam" | 1,872,568 | January 10, 1995 | 25 |
| "Taz" | 1,879,822 | February 21, 1995 | 25 |
| "Porky Pig" | 1,879,821 | February 21, 1995 | 25 |
| Elmer Fudd | 1,873,920 | January 17, 1995 | 25 |
| "Elmer Fudd" | 2,017,978 | November 19, 1996 | 25 |
| Pepe Le Pew | 1,871,386 | January 3, 1995 | 25 |
| "Pepe Le Pew" | 1,869,694 | December 27, 1994 | 25 |
| Foghorn Leghorn | 1,873,923 | January 17, 1995 | 25 |
| "Foghorn Leghorn" | 2,055,569 | April 22, 1997 | 25 |
| "Speedy Gonzales" | 2,057,614 | April 29, 1997 | 25 |

Plaintiff: HANNA–BARBERA PRODUCTIONS, INC.

| MARK | REGISTRATION NUMBER | DATE OF ISSUANCE | CLASS |
|---|---|---|---|
| SCOOBY–DOO | 2,574,602 | May 29, 2002 | 3 |
| SCOOBY–DOO | 2,618,231 | September 11, 2002 | 5 |
| SCOOBY–DOO | 2,596,084 | July 2002 | 9 |
| SCOOBY–DOO | 2,580,408 | June 12, 2002 | 14 |
| SCOOBY–DOO | 2,616,033 | September 4, 2002 | 16 |
| SCOOBY–DOO | 2,615,404 | September 4, 2002 | 25 |
| SCOOBY–DOO | 2,574,601 | May 29, 2002 | 28 |
| SCOOBY–DOO | 1,579,527 | January 24, 1994 | 41 |
| SCOOBY SNACKS | 2,599,694 | July 24, 2002 | 30 |
| SCOOBY SNACKS | 2,652,776 | November 20, 2002 | 31 |

Plaintiff: DC COMICS

| MARK | REGISTRATION NUMBER | DATE OF ISSUANCE | CLASS |
|---|---|---|---|
| BAT EMBLEM | 2,119,266 | December 10, 2001 | 16 |
| BAT EMBLEM | 1,581,593 | February 7, 1994 | 21 |
| BAT EMBLEM | 1,581,659 | February 7, 1994 | 25 |
| BAT EMBLEM | 1,581,725 | February 7, 1994 | 28 |
| BAT REP. | 1,219,120 | December 8, 1986 | 16 |
| BAT REP. IN QUESTION MARK | 2,178,744 | August 5, 2002 | 25 |
| BATLINK | 2,483,295 | August 29, 2005 | 28 |
| BATMAN | 828,412 | May 10, 1991 | 2 |
| BATMAN | 1,587,507 | March 21, 1994 | 9 |
| BATMAN | 839,561 | November 29, 1991 | 16 |
| BATMAN | 1,221,720 | December 29, 1986 | 16 |
| BATMAN | 856,045 | September 4, 1992 | 25 |
| BATMAN | 858,860 | October 23, 1972 | 28 |
| BATMAN | 1,622,749 | November 14, 1994 | 30 |
| BATMAN | 1,652,640 | July 31, 1995 | 41 |
| BATMAN | 2,457,655 | June 6, 2005 | 41 |

EXHIBIT "2"—Continued

| | | | |
|---|---|---|---|
| BATMAN | 2,114,598 | November 19,2001 | 42 |
| BATMAN | 836,046 | September 27, 1971 | 46 |
| BATMAN & ROBIN | 2,171,937 | July 8, 2002 | 9 |
| BATMAN & ROBIN | 2,404,483 | November 15, 2004 | 16 |
| BATMAN & ROBIN | 2,251,837 | June 9, 2003 | 25 |
| BATMAN & ROBIN | 2,245,040 | May 12, 2003 | 28 |
| BATMAN AND THE OUTSIDERS | 1,292,260 | August 29, 1988 | 16 |
| BATMAN BEYOND | 2,491,335 | September 19, 2005 | 16 |
| BATMAN BEYOND | 2,649,865 | November 13, 2006 | 28 |
| BATMAN BEYOND | 2,643,418 | October 30, 2006 | 41 |
| BATMAN ON BAT REP | 804,709 | March 2, 1990 | 16 |
| BATMAN ON BAT REP | 382,770 | November 13, 1944 | 16 |
| BATMAN REP. WITH ROPE | 1,262,504 | December 28, 1987 | 28 |
| BATMAN'S CAPE DESIGN | 1,201,014 | July 14, 1986 | 16 |
| BATMOBILE | 1,124,961 | September 12, 1983 | 28 |
| BATMOBILE | 1,179,342 | November 25, 1985 | 28 |
| THE BATMAN & HEAD REP. | 378,913 | June 25, 1944 | 16 |
| S Logo | 1,175,906 | November 4, 1985 | 9 |
| S Logo | 2,226,415 | February 24, 2003 | 9 |
| S Logo | 1,197,814 | June 16, 1986 | 14 |
| S Logo | 1,173,150 | October 14, 1985 | 16 |
| S Logo | 1,182,041 | December 16, 1985 | 16 |
| S Logo | 1,199,552 | June 30, 1986 | 18 |
| S Logo | 1,182,172 | December 16, 1985 | 21 |
| S Logo | 1,189,376 | February 10, 1986 | 24 |
| S Logo | 1,199,630 | June 30, 1986 | 25 |
| S Logo | 1,184,881 | January 6, 1986 | 25 |
| S Logo | 1,199,690 | June 30, 1986 | 28 |
| S Logo | 2,211,378 | December 16, 2002 | 28 |
| S Logo | 1,262,572 | December 28, 1987 | 29 |
| S Logo | 1,179,537 | November 25, 1985 | 41 |
| S Logo | 1,140,418 | October 15, 1984 | 25, 26 |
| SUPERMAN | 1,175,907 | November 4, 1985 | 9 |
| SUPERMAN | 1,180,068 | December 2, 1985 | 14 |
| SUPERMAN | 1,209,668 | September 22, 1986 | 16 |
| SUPERMAN | 1,221,718 | December 29, 1986 | 16 |
| SUPERMAN | 1,182,947 | December 23, 1985 | 18 |
| SUPERMAN | 1,184,822 | January 6, 1986 | 21 |
| SUPERMAN | 1,186,803 | January 20, 1986 | 21 |
| SUPERMAN | 1,183,841 | December 30, 1985 | 24 |
| SUPERMAN | 1,189,393 | February 10, 1986 | 25 |
| SUPERMAN | 1,070,290 | July 27, 2001 | 28 |
| SUPERMAN | 1,278,177 | May 16, 1988 | 29 |
| SUPERMAN | 1,216,976 | November 17, 1986 | 35 |
| SUPERMAN | 648,647 | July 17, 2001 | 39 |
| SUPERMAN | 1,181,538 | December 9, 1985 | 41 |
| SUPERMAN | 2,419,510 | January 10, 2005 | 41 |
| SUPERMAN | 2,204,195 | November 18, 2002 | 42 |
| SUPERMAN | 1,248,822 | August 24, 1987 | 8, 28 |
| SUPERMAN in Telescopic | 1,185,526 | January 13, 1986 | 9 |
| SUPERMAN in Telescopic | 1,200,394 | July 7, 1986 | 16 |
| SUPERMAN IN TELESCOPIC | 371,803 | October 11, 1943 | 16 |
| SUPERMAN IN TELESCOPIC | 2,226,026 | February 24, 2003 | 16 |
| SUPERMAN in Telescopic | 1,220,896 | December 22, 1986 | 18 |
| SUPERMAN in Telescopic | 1,183,809 | December 30, 1985 | 21 |
| SUPERMAN in Telescopic | 1,189,355 | February 10, 1986 | 21 |
| SUPERMAN in Telescopic | 1,185,853 | January 13, 1986 | 24 |
| SUPERMAN in Telescopic | 1,182,226 | December 16, 1985 | 25 |
| SUPERMAN in Telescopic | 1,209,863 | September 22, 1986 | 28 |

EXHIBIT "2"—Continued

| | | | |
|---|---|---|---|
| SUPERMAN IN TELESCOPIC | 1,278,175 | May 16, 1988 | 29 |
| SUPERMAN IN TELESCOPIC | 1,218,552 | December 1, 1986 | 35 |
| SUPERMAN IN TELESCOPIC | 1,181,537 | December 9, 1985 | 41 |
| SUPERMAN IN TELESCOPIC & COLOR | 1,108,577 | December 13, 1982 | 16 |
| SUPERMAN in Telescopic & SUPERMAN w/ Chains Rep | 391,821 | November 26, 1945 | 16 |
| SUPERMAN Rep | 1,200,080 | July 7, 1986 | 3 |
| SUPERMAN Rep | 1,200,233 | July 7, 1986 | 9 |
| SUPERMAN Rep | 1,200,387 | July 7, 1986 | 14 |
| SUPERMAN Rep | 1,178,048 | November 18, 1985 | 16 |
| SUPERMAN Rep | 1,209,743 | September 22, 1986 | 21 |
| SUPERMAN Rep | 1,201,149 | July 14, 1986 | 21 |
| SUPERMAN Rep | 1,201,167 | July 14, 1986 | 24 |
| SUPERMAN Rep | 1,180,292 | December 2, 1985 | 25 |
| SUPERMAN Rep | 1,229,321 | March 9, 1987 | 28 |
| SUPERMAN Rep | 1,235,769 | April 27, 1987 | 28 |
| SUPERMAN REP | 1,254,658 | October 19, 1987 | 29 |
| SUPERMAN SUPERHOMBRE & REP | 411,871 | February 7, 1949 | 16 |
| SUPERMAN w/ Chains Rep | 1,202,033 | July 21, 1986 | 18 |

Plaintiff: NIKE, INC.

| MARK | REGISTRATION NUMBER | DATE OF ISSUANCE | CLASS |
|---|---|---|---|
| Nike | 1,277,066 | May 8, 1984 | 25 |
| "Swoosh Design" | 1,284,385 | July 3, 1984 | 25 |
| "Nike and Swoosh" Design | 1,237,469 | May 10, 1983 | 25 |
| Nike Air | 1,571,066 | December 12, 1989 | 25 |
| "Air Jordan" | 1,370,283 | November 12, 1985 | 25 |
| "Air Jordan" Design | 1,742,019 | December 22, 1992 | 18, 25 |
| "Air Jordan" Design | 1,588,100 | September 26, 1989 | 25 |
| "Just Do it" | 1,875,307 | January 24, 1995 | 25 |
| "Nike" | 2,196,735 | October 13, 1998 | 14 |
| "Nike and Swoosh" Design | 2,209,815 | December 8, 1998 | 14 |
| "Swoosh Design" | 2,490,994 | September 18, 2001 | 14 |
| "Just Do It" | 1,817,919 | January 25, 1994 | 16 |

Plaintiff: OAKLEY, INC.

| MARK | REGISTRATION NUMBER | DATE OF ISSUANCE | CLASS |
|---|---|---|---|
| Oakley | 1,521,599 | January 24, 1989 | 9 |
| "Oakley" stylized | 1,519,596 | January 10, 1989 | 9 |
| "O" stylized | 1,904,181 | July 11, 1995 | 9 |
| "O and Oakley" stylized | 1,902,660 | July 4, 1995 | 16 |
| "Oakley" | 1,522,692 | January 31, 1989 | 25 |
| "Oakley" stylized | 1,356,297 | August 27, 1985 | 9, 12, 25 |
| "O and Oakley" stylized | 1,990,262 | July 30, 1996 | 9, 25 |
| "Oakley" stylized | 1,980,039 | June 11, 1996 | 9, 25 |
| "O" stylized | 2,209,416 | December 8, 1998 | 9, 25 |
| "O" stylized | 1,984,501 | July 2, 1996 | 9, 25 |
| "O" stylized | 1,519,823 | January 10, 1989 | 18 |
| "O" stylized | 2,207,455 | December 1, 1998 | 18 |